CASE 109—ACTION ON PROMISSORY NOTE—FEB. 24.

# Wheeler v. Traders Deposit Bank.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

SURETIES—NOT RELEASED BY RELEASE OF OTHER OBLIGOR ON PLEA NON EST FACTUM.—One who signs a note as surety for several makers of a promissory note can not escape liability merely because one of the obligors escaped liability on the plea of *non est factum*, the payee not being party to the fraud.

B. F. DAY FOR APPELLANT.

The appellee having through its cashier W. W. Thompson, loaned the money to Stacy and delivered to said Stacy and had him sign and take the paper sued on and carry it to Morgan county and to secure signatures and sureties, he was the agent of the bank for the purpose of securing signatures of Wheeler and the bank is estopped by the fraudulent conduct of Stacy in forging the signature of Geveden from asserting liability against Wheeler. Ky. Stats., secs. 478, 483; Herman on Estoppel, p. 418; Bigelow on Estoppel, 476; Lasley v. Lackey, 4 Ky. Law Rep., 896; Chaney v. Bank, 6 Ky. Law Rep., 215; Abney v. Bell, 7 Ky. Law Rep., 443; Cason v. Bank, 13 Ky. Law Rep., 635; Rudd v. Matthews, 79 Ky., 479; Hall v. Smith, 14 Bush, 604.

T. J. BIGSTAFF FOR APPELLEE.   (ROY G. KERN OF COUNSEL.)

1. Appellant signed the note in question as surety after the name was signed which he now says is a forgery.
2. By signing his name last appellant guaranteed all signatures above his name to the innocent appellee.
   Citations:   Hall v. Smith, 14 Bush, 604; 2 Vol. Daniel on Neg. Instr. (5th ed.), 492; Bigelow on Estoppel (5th ed.), 492, 480, 634; Hubble v. Murphy, 1 Duv., 279; Garrett's Admr. v. Ashcraft, 19 Ky. Law Rep., 38; Young v. Hildreth, 5 Ky. Law Rep., 118, 129.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action is based upon a writing which reads as follows:

"Mt. Sterling, Ky., Feb. 26, 1893.   Ninety days after date, we, or either of us, promise to pay to the order of

the Traders' Deposit Bank, Mt. Sterling, Ky., two hundred and seventy-five dollars, at their office in Mt. Sterling, for value received, with interest from maturity at the rate of —— per cent. per annum until paid, and the attorney's fees if suit be instituted on this note. W. R. Stacy. N. B. Haney. W. M. Geveden. J. S. Wheeler, Surety. No. 1,936. Due May 29. P. O. ————."

W. R. Stacy applied to the cashier of appellee to borrow money, and was told that he could do so by giving good security, and thereupon the cashier handed him a blank note which he took, and afterwards returned it to the bank, purporting to have been signed by W. R. Stacy, N. B. Haney, W. M. Geveden and J. S. Wheeler. The bank accepted the note, credited Stacy with its proceeds, which were subsequently drawn out by him. Geveden interposed a plea of *non est factum*, which he succeeded in sustaining to the satisfaction of a jury. The cashier believed the name of Geveden to be his genuine signature at the time the note was accepted. It is insisted for Wheeler that he signed the note believing that the signature of Geveden was genuine, and that he would not have done so except for that fact. It is also insisted for him that he is not bound on the note because Geveden was adjudged not to be liable on it.

The cashier had no reason to doubt the genuineness of Geveden's signature. Wheeler signed the note as surety, and in doing so he guarantied to the bank that every preceding signature was genuine. The bank had the right to presume that he would not have signed the paper if the name of Geveden had been forged; therefore the appellant is bound on it, notwithstanding the name of Geveden may have been a forgery. Stacy was acting for himself when he procured the signature of Wheeler to the

note, as the bank was in nowise instrumental in obtaining his name to it. The note purported to be a complete instrument, and the bank had no notice of any wrong, and it was the fault of Wheeler in trusting Stacy, and he must suffer. The bank did not practice any fraud upon Wheeler, but the party whom he trusted did. When one of two innocent persons must suffer, the one whose negligence contributed to the loss must bear it. Hall v. Smith, 14 Bush, 611; Terry & Bell v. Hazlewood, 1 Duv., 109.

The judgment is affirmed.