TILT-KENNEY SHOE COMPANY v. C. S. HAGGARTY ET AL.

Decided June 1, 1906.

**1.—Guarantor of Account—Rights and Liabilities.**

Plaintiffs addressed the following letter to one of the defendants:   "We have an order amounting to $142.50 from C. S. Haggarty, of Beaumont, Texas, whom, we understand, you are backing.  As Mr. Haggarty is a new man in the business, and seems to have no financial standing at present, will you kindly guarantee the payment of this bill?  Kindly let us hear from you."   Upon re-

ceipt of said letter the addressee wrote upon the same the following: "O. K., George Adams, Sr.," and returned it to the plaintiffs; thereupon the goods were shipped to H. Held, that by said endorsement Adams became originally and unconditionally responsible for the payment of the debt, and was not entitled to notice of default on the part of H., nor of acceptance on the guaranty, nor was any diligence necessary on the part of plaintiffs to fix his liability.

**2.—Payment—Proof.**

Payment is a defense which must be pleaded and proven by the defendant.

Appeal from the County Court of Jefferson County. Tried below before Hon. D. P. Wheat.

*Crook & Harris* and *I. W. Lawhon,* for appellant.—A guaranty is absolute when the terms of the contract, read in the light of surrounding circumstances, show that the credit was extended solely on the faith of such guaranty, and that it is an original and personal undertaking on the part of the guarantor to perform the obligation of a third party, if such third party fails to perform according to the terms of his contract. Tobin Canning Co. v. Fraser, 17 S. W. Rep., 25; 14 Am. & Eng. Ency. of Law, p. 1141; Cowan, McClung & Co. v. Roberts (N. C.), 65 Law Rep. Ann., 729; Nading v. McGreoger (Ind.), 6 Law Rep. Ann., 686; Wright v. Griffith (Ind.), 6 Law Rep. Ann., 639.

Where a guaranty is made at the request of the creditor, and the guarantor accepts the creditor's offer, the guarantor is not entitled to notice of the acceptance of his guaranty. Hart v. Wynne, 40 S. W. Rep., 848; Lemp v. Armengol, 26 S. W. Rep., 941; Davis v. Wells Fargo Co., 104 U. S., 159; The Law of Suretyship (Stearns), p. 82; 14 Am. & Eng. Ency. of Law, p. 1145, 1146.

When a guaranty is absolute, the guarantor is not entitled to notice of the acceptance of his guaranty, or notice of the default of the principal debtor. McCormick Harvesting Mach. Co. v. Millett, 29 S. W. Rep., 80; Tobin Canning Co. v. Fraser, 81 Texas, 407; Shropshire v. Smith, 37 S. W. Rep., 174; 14 Am. & Eng. Ency. of Law, pp. 1141, 1149; The Law of Suretyship (Stearns) pars. 61, 67; Read v. Cutts (Maine), 22 Am. Dec., 184.

Where suit is brought on an absolute guaranty, it is not necessary for the guarantee to show that the principal debtor has made default in payment in order to hold the guarantor liable. Shropshire v. Smith, 37 S. W. Rep., 174; McCormick Harvesting Mach. Co. v. Millett, 29 S. W. Rep., 80; 14 Am. & Eng. Ency. of Law, p. 1150; The Law of Suretyship (Stearns), par. 61.

It was not necessary for plaintiff to prove that C. S. Haggarty had not paid the debt. It was the duty of appellee to specially plead and prove such payment, if he claimed that it has been made. Revised, Statutes, art. 1266; Hander v. Baade, 40 S. W. Rep., 422; Gray v. McFarland, 29 Texas, 169; Nugent & Co. v. Martin, 1 Texas Ct. App. Civil Cases, p. 670.

PLEASANTS, Associate Justice.—Appellants brought this suit in the Justice Court of Precinct No. 1, Jefferson County, against C. S. Haggarty and George Adams to recover the sum of $132 alleged to be due

for goods sold and delivered to Haggarty. Judgment was sought against Adams under allegations charging that he had guaranteed in writing the payment of said sum.

The trial in the Justice Court resulted in a judgment in favor of plaintiffs against Haggarty, and in favor of Adams that plaintiffs take nothing against him. Upon appeal and trial *de novo* in the County Court like judgment was rendered.

The evidence shows that before appellants shipped the goods to Haggarty they addressed the following letter to appellee Adams:

"Chicago, April 29, 1903.

Mr. George Adams,
    Beaumont, Texas.

Dear Sir: We have an order amounting to $142.50 from C. H. Haggarty of Beaumont, Texas, whom we understand you are backing. As Mr. Haggarty is a new man in the business, and seems to have no financial standing at present, will you kindly guarantee the payment of this bill? Kindly let us hear from you.

(Signed) Tilt-Kenney Shoe Co."

Upon receipt of this letter appellee wrote just beneath the signature of appellant the following: "O. K. George Adams, Sr." Appellee returned this letter to appellant, who upon receipt of same filled the order and shipped the goods to C. S. Haggarty. It was agreed that "this shipment was made on the faith of the guaranty of Geo. Adams and that had it not been for said guaranty, plaintiff would not have extended credit to C. S. Haggarty; that the bill of goods Geo. Adams guaranteed is the one plaintiff is suing on therein, and that this is the only bill of goods ever shipped by plaintiff to C. S. Haggarty."

The trial court held that the liability of Adams under his guaranty was secondary, and he was therefore entitled to notice of acceptance of the guaranty, and notice of default by Haggarty, and that the plaintiff having failed to show that the account had not been paid by Haggarty, no judgment could be rendered against Adams.

These holdings are all erroneous. The letter of appellant to Adams informed him in effect that the goods would be shipped to Haggarty if he, Adams, would gurantee the payment of the purchase price, and requested him to let them know if he would give such guaranty. The endorsement made by Adams upon this letter, which he at once returned to appellant, must be regarded as an agreement by him to guarantee the payment of the price of the goods. The goods having been shipped to Haggarty upon the faith of this guaranty, Adams liability became thereby fixed, and he was not entitled to notice of the acceptance of the guaranty. (Hart v. Wynne, 40 S. W. Rep., 848; 14 Am. & Eng. Ency. of Law, p. 1146.) Being originally and unconditionally responsible for the payment of the debt, Adams was not entitled to notice of default on the part of Haggarty, and no diligence was required on the part of appellant to fix his liability. (Tobin Canning Co. v. Fraser, 81 Texas, 407; McComack Harvesting Co. v. Millett, 29 S. W. Rep., 80.)

The appellant was not required to prove that the account had not been

paid. Payment is a defense which must be pleaded and proven by the defendant. (Rev. Stats., art. 1266; Hander v. Baade, 16 Texas Civ. App., 121.)

The facts being undisputed, the judgment of the court below should be reversed and judgment here rendered in favor of appellant against Adams, and it has been so ordered.

*Reversed and rendered.*