## JOHN C. HAUPT ET AL. v. JAMES CRAVENS & CO.

### Decided May 31, 1909.

**1.—Principal and Agent—Bond of Agent—Acceptance by Principal—Evidence.**

A principal required of his agent a bond for the faithful performance of his duties; the bond was sent by the agent to the principal and the principal, in a letter acknowledging receipt of the bond, stated that he would have a special agent make inquiry into the financial standing of the sureties, and if that inquiry proved satisfactory the bond would be finally accepted; the principal kept the bond and said nothing further about it, and the agent continued to act as such. Held, (1) that the letter and conduct of the principal must be taken as an acceptance by him of the bond, with the proviso that if he was not satisfied as to the financial standing of the sureties he should have the right to require a new bond; and, (2) the bond not being an offer or proposal to guaranty or become responsible for the acts of the agent, but an absolute obligation intended to take effect upon delivery, the sureties were not entitled to notice of its acceptance by the obligee.

**2.—Bond—Defalcation—Liability of Sureties.**

When a bond stipulates that the sureties thereon should be responsible for all sums then due, as well as for all such as may thereafter become due by their principal to a third party for whom he is agent, the sureties are liable for any act of defalcation of their principal occurring prior to the date of the bond as well as for such acts occurring afterwards.

**3.—Principal and Surety—Bond for Faithful Performance of Duty— Liability of Surety.**

The bond of an agent contained the condition that the agent should well and truly perform all the duties of such agency. Held, the sureties were liable for a breach of duty on the part of the agent in agreeing with persons indebted to his principal that such indebtedness should not be paid in cash, but should be paid by crediting the amount thereof on the personal indebtedness of the agent to such persons.

Appeal from the Sixty-first Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*W. D. Sherwood* and *S. W. Marshall,* for appellants.

*Andrews, Ball & Streetman,* for appellee.

REESE, Associate Justice.—James Cravens & Co. instituted this suit against J. K. Finley as principal and J. C. Haupt and J. J. Metcalf as sureties on his bond, to recover money due and owing by Finley and secured by such bond. It was alleged that plaintiffs were general agents and managers for certain fire insurance companies, and as such had employed Finley as its local agent or representative at Dallas, Texas; that Finley as such local agent had entered into a bond, with the defendants Metcalf and Haupt as sureties, in the sum of $1,500, conditioned that the said Finley should faithfully and punctually pay over at Houston, Texas, to said Cravens & Co., managers, all sums due or that may become due to them as managers aforesaid, from time to time, for money collected by said Finley for premiums collected, less his commissions; and also that said Finley should well and truly perform all the duties of such agent of said companies. A breach of said obligations was alleged in the failure of said Finley to remit and account for premiums to the amount of $1,725.62, to recover which the suit is brought.

Defendants answered by general demurrer and general denial, and further specially pleaded claiming a credit of $375 for premiums charged on policies which were afterward canceled, and averred that the bond was not executed until the latter part of September and not on September 1, 1905, the day of its date; that it was plaintiff's duty to notify the sureties of the acceptance of the bond, which they had failed to do, and that, at all events, the liability of the sureties was only from and after the acceptance of the bond.

Upon trial without a jury there was a judgment against Finley for $1,611.88, and against the sureties for $1,476.88, together with $200 attorney's fees as provided in the bond. From the judgment the sureties Haupt and Metcalf appeal.

The facts are as follows: James Cravens, who did business under the firm name of James Cravens & Co., was the general agent and manager for the State of Texas for certain fire insurance companies, and as such, on or about September 1, 1905, he employed J. K. Finley as local agent to represent him at Dallas, Texas, in the matter of soliciting business, issuing policies, collecting premiums, etc. It was the custom of Cravens in the employment of such agents to require of them a bond as security for the payment of premiums collected and the faithful discharge of their duties. Finley entered upon the discharge of his duties but did not make the bond required, and on September 29, 1905, he was notified by telegraph by Cravens that his agency was suspended. Finley at once communicated by telephone with Cravens and was told that his agency was suspended because he had not made the bond required. Finley replied that he would get the bond and forward the same, upon which Cravens told him that would be all right, and to send in the bond and continue his agency. Finley forwarded on September 29th, by mail to Cravens, a bond in the sum of $1,500 payable to Cravens & Co., and executed by himself as principal and Haupt and Metcalf as sureties, and conditioned, among other things, as heretofore stated. When this bond was received by Cravens at Houston, which was September 30th, he wrote Finley acknowledging receipt of the bond and further advising him he

would have his agent to make inquiry into the financial standing of the parties, and if that inquiry proved satisfactory the paper would be finally accepted. Cravens then filed the paper away. It does not appear that any further inquiry was made as to the financial standing of the parties, and no further notice of acceptance was given to Finley or the sureties. Finley continued to do business under his agency until the spring of 1906.

It was shown that Finley was indebted to Cravens in the amount for which judgment was rendered, all of which was for premiums collected and appropriated by him except $270.55 for which he had received credit on his personal indebtedness to persons to whom policies had been issued, and who owed the premiums, by agreement with such persons. The bond provided for payment at Houston, and for $200 attorney's fees if it became necessary to collect the same by suit.

By their first assignment of error appellants present the contention that the contract of suretyship as evidenced by the bond was not shown to have been accepted by Cravens, nor that appellants or Finley had been notified of such acceptance, and therefore the sureties are not bound. Appellants' contention is that the letter of Cravens acknowledging receipt of the bond was tantamount to a refusal to accept the same until and unless inquiry as to the financial standing of the sureties proved satisfactory, and that in these circumstances some further act of acceptance of the bond and notice thereof to the sureties was necessary before they became bound. The exact language of the letter of Cravens to Finley is, after acknowledging receipt of the bond, as follows: "We will ask Special Agent Zintgraff to make inquiry into the financial standing of these parties, and if that inquiry proves satisfactory the paper will be *finally* accepted." Finley was allowed to continue his agency. Cravens kept the bond, and nothing further was said about it.

In the circumstances, we think this was intended by Cravens, and was understood by Finley (it was not shown that the sureties knew anything of this letter) as an acceptance of the bond with the condition or proviso that if Cravens was not satisfied as to financial standing of the parties, he should be at liberty to require another bond. It was treated by Cravens as a satisfactory bond and Finley continued in the business, which he was only authorized to do upon giving a satisfactory bond. It is not alleged or shown by the sureties that they had any impression that the bond had not been duly delivered and accepted. They were not entitled to notice that the bond had been accepted by Cravens. (Johnson v. Bailey, 79 Texas, 518.) It was not an offer or proposal to guaranty or to become responsible for the acts of Finley, but an absolute obligation intended to take effect at once upon delivery.

By the second assignment of error in their brief appellants complain of the judgment on the ground that the bond was not executed until September 29, 1905, and that under its terms the sureties could not be made liable for acts of defalcation of the principal occurring prior to that date. To this contention there are two answers: First, the bond makes the sureties responsible for all sums then due as well as for such as may thereafter become due; and second, it is not shown

in the statement accompanying the proposition under the assignment that the judgment, in fact, includes any money collected by Finley prior to the actual execution of the bond.

By the third assignment of error appellants complain of the judgment for the amount of premiums not actually collected by Finley, but for which he was given credit upon his indebtedness to the parties from whom the premiums were due. If the bond contained no other condition than that binding the sureties for the payment of "all sums due or that may become due, from time to time, for money collected or received" by the principal, appellants' contention would be sound. If this were the only obligation it might very well be said that the sureties intended to bind themselves for the payment of money actually collected, and no further. But under the further condition of the bond that the principal "shall well and truly perform all the duties of such agent," we think the sureties are liable for the breach of duty in agreeing with persons indebted for premiums that the same should not be paid in cash, but by crediting the amount thereof upon the personal indebtedness of the agent. This was clearly a breach of the condition "to well and truly perform all the duties of such agent."

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.