McCARROLL v. RED DIAMOND CLOTHING COMPANY.

Opinion delivered December 2, 1912.

1. GUARANTY—LIABILITY UNDER.—Where defendant, who was plaintiff's travelling salesman, upon being advised that plaintiff refused to ship goods to a customer on account of the latter's financial condition, wrote to plaintiff: "If my indorsement is worth anything, you can ship on that," whereupon plaintiff shipped the goods, this constituted a special guaranty, and defendant became absolutely bound with the principal on the contract of sale. (Page 445.)

2. SAME—NECESSITY OF NOTICE.—Where a guarantor directed the guarantee to ship certain goods upon the former's "indorsement" if his credit was regarded good for the amount, and the guarantor had notice that the goods were shipped accordingly, he became liable, although the guarantee never notified him that it would look to him for the payment. (Page 445.)

Appeal from Yell Circuit Court, Danville District; *Hugh Basham*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant, who was at the time a travelling salesman for appellee, receiving commissions on orders taken and accepted,

took an order from the Centerville Mercantile Company, in September, 1908, for a bill of goods amounting to $118.05. Appellee, upon receipt of the order, notified its salesman that it would not be filled, because of the financial condition of said company, whereupon he wrote to them, stating he knew the company had been slow in the payment of its bills and setting out the good financial condition of some of its officers and stockholders and its own worth, and, concluding, "if my indorsement is worth anything, you can ship on it. That is the way I feel about them. I am vice president of the McCarroll Brothers Company."

The bill of goods was then shipped to the Centerville Mercantile Company, under said direction and indorsement on September 30, 1908. Said company continued in bad financial condition and failed to pay for the goods when the bill became due, and their check for the price was protested for nonpayment and the account placed in the hands of an attorney for collection on December 7, 1908, and said company was later adjudged insolvent, placed in the hands of a receiver and its creditors realized nothing.

Appellant was absent from the State during the spring and summer of 1909, and demand for payment was made on him when he returned in the fall, and upon his refusal to pay this suit was brought against said mercantile company and him before a justice of the peace and appealed to the circuit court. On the hearing there, the court directed a verdict for appellee, from which this appeal comes.

*Priddy & Chambers,* for appellant.

1. There is no claim that appellant's liability is anything more than that of an endorser or guarantor. His liability and that of the Centerville Mercantile Company is several and not joint, and a joint action will not lie. 24 Ark. 511.

2. Appellant is not liable for want of notice from appellee that it relied on him to pay the account. 24 Ark 518; 22 Ark. 540; 64 Ark. 648; 71 Ark. 588; 14 Am & Eng. Enc. of L. 1156.

*Appellee, pro se.*

1. Appellant's motion to dismiss was properly overruled. Kirby's Dig., § 522.

2. Notice of acceptance was not required. 71 Ark. 588. As to effect of the agency on the guaranty, see 59 Ark. 86; 20 Cyc. 1397-8.

KIRBY, J., (after stating the facts). Appellant contends that he had no notice of the acceptance of his indorsement by the appellee company and the shipment of goods upon it, and on that account did not become liable thereon, and that appellee was negligent in proceeding to collect the debt from the insolvent company.

If appellee's letter be construed as but an offer of indorsement or a conditional guaranty, it would have been necessary to notify him of its acceptance, or the conditions must have been performed by appellee company in order to fix his liability thereon, but such is not the case. Upon being advised of the refusal to ship the bill of goods ordered, because of the bad financial condition of the company ordering them, he wrote, expressing the utmost confidence in their ability to pay, giving his reasons therefor and concluded by saying, "If my indorsement is worth anything, you can ship on that. * * * I am vice-president of the McCarroll Brothers Company." The appellee, upon the receipt of the letter, shipped the goods, upon said indorsement, charging them upon its books to the said company and John F. McCarroll, and relying absolutely upon the faith and credit of such indorsement, as the undisputed testimony shows.

This was not a continuing guaranty nor a conditional one, but a special guaranty or indorsement, directing the shipment of the good on the credit of the guarantor, if it was regarded good for the payment, and, being acted upon and the goods shipped in accordance therewith, appellant became absolutely bound with the principal on the contract of sale under which the liability of the failed company accrued. 20 Cyc. 1398-9; *Stewart* v. *Sharp County Bank,* 71 Ark. 588; *Friend* v. *Smith Gin Company,* 59 Ark. 91.

It is insisted that appellant should have been notified of the acceptance of his contract of guaranty or indorsement at the time of the shipment of the goods, and the failure of the company to pay for them, in order to bind him thereon.

If his letter had been but an offer to guaranty the payment of the account, this would be true, but it was a direction

to ship the goods upon his indorsement, if his credit was regarded good for the amount and needed only to be acted upon by the appellee and the goods shipped in accordance therewith to bind him.

Appellee made no proposition to its salesman that it would ship the goods upon his guaranty of the account, but he sent the direction and indorsement which was acted upon by them, and thereupon became binding upon him. He does not claim that he did not have notice that the goods were shipped, but only that he was not advised at the time that the company would look to him for the payment in accordance with his proposition. He did know that appellee had refused to ship the bill of goods because of the financial condition of the firm ordering them, and also that he had directed their shipment after being notified of such refusal upon his own indorsement, if it was regarded good, and that thereafter the goods were shipped. Nothing further was necessary to bind him to the payment therefor.

As these facts appeared from the undisputed testimony, the court did not err in directing the verdict.

The judgment is affirmed.