## Galbraith, et al. v. Shores-Mueller Company.

(Decided January 18, 1918.)

### Appeal from Bracken Circuit Court.

1. Guaranty—Absolute Guaranty—Nature of Liability.—Where the principal obligor agrees to purchase goods from the obligee and pay the account as charged at wholesale prices, and by the same instrument the performance of the contract is guaranteed by the defendants, the guaranty is absolute, and the guarantors are unconditionally bound to satisfy the obligation at its maturity, and prior legal proceedings by the obligee against the principal debtor are not necessary to a recovery against the guarantors.

2. Guaranty—Conditional Signing—Fraud of Principal.—If one sign an instrument as surety or guarantor and place it in the hands of the principal to be delivered only on the condition that it be signed by another surety or guarantor and the principal delivers the instrument to the obligee without complying with such condition, the surety or guarantor is nevertheless bound unless the obligee has notice of the condition or information sufficient to put a person of ordinary prudence on inquiry.

3. Guaranty—Fraud of Principal—Notice—Agency of Principal Obligor.—Where it is necessary for the principal obligor to have his contract guaranteed by others before it becomes binding on the parties, he acts for himself in obtaining the signatures of the guarantors and not as agent of the obligee and notice to him of the conditional signing by the guarantors, is not notice to the obligee.

4. Guaranty—Fraud of Principal—Conditional Signing—Notice—Evidence.—In a suit on a contract of guaranty, certain circumstances examined and held insufficient to show either actual or constructive notice on the part of the obligee of the conditional signing by the defendant guarantors.

5. Pleading—Amended Answer—Conforming Proof—Rejection.—An amended answer presenting the plea of estoppel and tendered for the purpose of conforming to the proof, is properly rejected when not sustained by the evidence.

A. D. COLE and W. A. BYRON for appellants.

H. P. WILLIS and M. HARGETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Shores-Mueller Company, a corporation organized under the laws of Iowa with its principal place of business at Tripoli, in that state, is engaged in the manufacture and sale of certain medicines, veterinary remedies, stock regulator, extracts, spices, etc. Its method of doing business is to advertise for salesmen in different parts of the country and to enter into contracts with them by which it agrees to furnish them its manufactured products at wholesale prices and the salesmen agree to pay therefor in installments. Before entering into such contracts, the company requires the faithful performance thereof to be guaranteed by three solvent persons. In the month of August, 1910, W. H. Hollis, of Germantown, applied to the company for the privilege of selling its manufactured products. Thereupon the company, through its president, signed a written contract dated August 19, 1910, and forwarded the same to W. H. Hollis. A few days later, the contract was returned to the company signed by W. H. Hollis as principal and C. E. Galbraith, J. M. Hollis, and either B. T. Hollis or R. T. Hollis, as guarantors. The guaranty is as follows

"In consideration of Shores-Mueller Company extending credit to the above named person we hereby guarantee to it jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability hereon."

On September 20, 1910, the guaranty was accepted and written notice of its acceptance sent to each of the guarantors. After the acceptance of the contract, W. H. Hollis continued to order goods from the company for a period of about eighteen months. He then quit business and left the state owing the company the sum of $509.37.

On October 28, 1912, the company brought this suit against W. H. Hollis and the guarantors, to recover the amount due under the contract. At the conclusion of all of the evidence, the court peremptorily instructed the jury to find for the defendant, B. T. Hollis, and for the plaintiff against the defendants, C. E. Galbraith and Jas. M. Hollis, for $509.37, with interest from October 28, 1912. Judgment was entered accordingly and Galbraith and Jas. M. Hollis appeal.

It is first insisted that the trial court erred in overruling the demurrer to the petition. The basis of this contention is that a prosecution of the principal debtor to insolvency was a condition precedent to liability on the part of the defendants as guarantors. This argument loses sight of the distinction between a conditional and absolute guaranty. A conditional guaranty imports the happening of some contingency other than the default of the principal debtor. The usual form of such guaranty is an undertaking whereby the guarantor is liable for the principal's default in case the satisfaction of the principal obligation can not with reasonable diligence be obtained from the principal. 12 R. C. L., section 13, page 1064. Therefore a conditional guaranty implies that the creditor will make diligent effort to enforce the obligation from the principal debtor. 12 R. C. L., section 43, page 1090; Marshall v. Peck, 1 Dana 609. On the other hand an absolute guaranty is an unconditional undertaking on the part of the guarantor that the debtor will pay the debt or perform the obligation. 12 R. C. L., section 13, page 1064. On such a guaranty, the guarantor is unconditionally bound to satisfy the obligation at its maturity and prior legal proceedings by the creditor against the principal debtor are not necessary to a recovery. 12 R. C. L., section 42, page 1089; McCarroll v. Red Diamond Clothing Company, 105 Ark. 443, 151 S. W. 1012, 43 L. R. A. (N. S.) 475. Here the guaranty is not a separate undertaking but is a part of the principal contract. By that contract, the principal, W. H. Hollis, agreed to pay his account to the company at its office at Tripoli, Iowa, as charged at wholesale prices. By the same instrument, the defendants guaranteed the honest and faithful performance of the contract. That being true the guaranty was absolute, J. R. Watkins Medical Co. v. A. L. Brand, et al., 143 Ky. 468, 136 S. W. 867, 33 L. R. A. (N. S.) 960, and as the liability of the guarantors attached immediately

upon the principal's breach of the contract, it was not necessary for plaintiff first to proceed against the principal debtor. Pulaski Stave Company, et al. v. Miller's Creek Lumber Co., et al., 138 Ky. 372, 128 S. W. 96.

Another contention is that Galbraith and Jas. M. Hollis were not liable on the guaranty because the uncontradicted evidence shows that they signed the contract on the condition that B. T. Hollis, a solvent party, would also sign it, which he failed to do. The rule in such cases is that if one sign an instrument as surety or guarantor and place it in the hands of the principal to be delivered only on the condition that it be signed by another surety or guarantor, and the principal delivers the instrument to the obligee without complying with such condition, the surety or guarantor is nevertheless bound, unless the obligee has notice of the condition or information sufficient to put a person of ordinary prudence on inquiry. 12 R. C. L., section 23, page 1072; Belleville Sav. Bank v. Bornman, 124 Ill. 200, 16 N. E. 210; Kline v. Raymond, 70 Ind. 271; Markland Min., Etc. Co. v. Kimmel, 87 Ind. 560; Cowan v. Roberts, 134 N. C. 415, 101 Am. St. Rep. 845, 46 S. E. 979, 65 L. R. A. 729; State Bank v. Burton-Gardner Co., 14 Utah 420, 48 Pac. 402; New Home Sewing Machine Co. v. Simon, 104 Wis. 120, 80 N. W. 71. The reason for the rule is that the surety or guarantor trusts in the good faith of his principal, and if that trust be abused, its abuse does not furnish him a good cause of complaint against the obligee. Under such circumstances, a delivery of the instrument to the principal obligor is in effect a delivery to the obligee, inasmuch as it enables the former by delivering it to the latter to apply it for the purpose for which it was designed. Therefore we apply the rule, that where one of two innocent persons must suffer, the one whose negligence contributed to the loss must bear it. Millett v. Parker, 2 Metcalfe 608; Wheeler v. Traders Deposit Bank, 107 Ky. 653; Hall, et al. v. Smith, 14 Bush 611; Terry & Bell v. Hazelwood, 1 Duvall 104; Smith v. Moberly, 10 B. Monroe 266.

But it is argued that notice of the conditional signing to W. H. Hollis, the principal in the contract, was notice to the company, because W. H. Hollis acted as the company's agent in procuring the signatures. Whether after the acceptance of the contract, W. H. Hollis became the agent of the company, it is unnecessary to determine.

It is clear that the principal contract was not to become effective until signed by the three guarantors and accepted by the company. There can be no question that up to that time he was acting solely in his own interest and that his interest and that of the company were conflicting. Therefore in obtaining the signatures of the guarantors he represented himself alone and was in no sense the agent of the company. It therefore follows that notice to him was not notice to the company.

It further appears that the name of the third guarantor was signed in such a way that the company was not certain whether his name was B. T. Hollis or R. T. Hollis. The company concluded that the first initial was R., and addressed a registered letter to R. T. Hollis. This letter was delivered and the company received the registry receipt signed by R. T. Hollis. Because the president of the company testified that the company made inquiries as to the financial standing of the guarantors, it is argued that the company must have been informed that there was no such person as R. T. Hollis and that this fact was sufficient to put a prudent person on inquiry, which if properly pursued with reasonable diligence, would have resulted in the company's ascertaining that the signature of B. T. Hollis was forged, and thus made the question of notice, one for the jury. The difficulty with this argument is that it assumes that the company was notified that there was no such person as R. T. Hollis. As a matter of fact, there is no evidence to that effect. On the contrary the registry receipt was returned signed by R. T. Hollis and, in the absence of reliable information to the contrary, the company had the right to presume that it had interpreted the signature correctly and that there was such a person as R. T. Hollis. In our opinion the circumstances relied on were wholly insufficient to show either actual or constructive notice on the part of the company of the conditional signing by the defendants.

Another error relied on is the refusal of the trial court to permit the defendants to file an amended answer conforming to the proof and presenting the plea of estoppel. Without entering into a discussion of the evidence, it is sufficient to say that in our opinion it does not support the plea of estoppel and the amended answer was therefore properly refused.

Since the defendants failed to show any valid defense to the action, it follows that the directed verdict in favor of plaintiffs was proper.

Judgment affirmed.