## SMITH v. CUMMER MFG. CO. OF TEXAS.
### (No. 6410.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1920.)

1. **Guaranty** $\iff$77(2), 82(3)—**Principal not required to be sued before or with absolute guarantor.**

Under Rev. St. 1911, arts. 1843, 6336, 6337, only in case of a conditional guaranty, and not where the guaranty is absolute, need the principal be sued before the guarantor, or joined in the action against him.

2. **Guaranty** $\iff$34—**Bald guaranty of accounts absolute.**

A mere guaranty of accounts, or of payment of accounts, without more, is an absolute guaranty.

3. **Guaranty** $\iff$85(1)—**Complaint held to present a suit on absolute guaranty.**

Complaint, aided by every reasonable intendment, *held* to present a suit on an absolute guaranty, and so to support a judgment on that theory.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Action by the Cummer Manufacturing Company of Texas against L. H. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Kampmann, Burney & Browne, of San Antonio, and D. F. Strickland, of Mission, for appellant.

W. L. Dawson and Roy D. Buckley, both of Mission, for appellee.

MOURSUND, J. This is a suit by Cummer Manufacturing Company against L. H. Smith

---

upon a contract of guaranty. Plaintiff alleged that it made a contract with defendant, whereby the latter was to sell onion crates for plaintiff, receiving the same commission as was paid to one Duffie and upon the same condition. That condition is not always stated in the petition in exactly the same language. First, it is stated that Duffie agreed "to guarantee the payment of all crate accounts" made by him with purchasers, in consideration of extra commission to be paid him. Afterwards Duffie's agreement is described as one "to guarantee the accounts of his crate purchasers."

The plaintiff pleaded that defendant had sold crates to eight persons, and made a statement of the accounts of said parties, showing the sums paid on each, and the balances due, the aggregate of which was $1,313.44. It alleged that it owed defendant $291.25, and sued for the difference between said two sums. It was further alleged that said crate accounts were long past due, but that the purchasers, although often requested by plaintiff, have failed and refused, and still fail and refuse, to pay the balances due by them, and that the defendant, although requested to pay the same, also failed and refused to do so.

The defendant's third amended original answer consisted of a general demurrer, special exceptions, a general denial, and various special defensive pleas. The record contains a supplemental petition, purporting to be in reply to defendant's first amended original answer, the first paragraph of which reads as follows:

"And without waiving the foregoing demurrer, but specially reserving same, in answer to paragraph 3 of defendant's said amended original answers, plaintiff denies that defendant only agreed, by the terms of his contract, to aid and assist in any reasonable manner in the collection of the accounts due by the parties purchasing crates from defendant to be shipped, and which were shipped, by plaintiff; but plaintiff would respectfully show the court that said defendant, by the terms of his said contract, as specifically set forth and pleaded in plaintiff's original petition herein, said defendant unqualifiedly guaranteed the payment of said accounts and directly assumed the collection thereof."

The allegations thus denied are not embraced in the answer upon which trial was had. The trial resulted in a judgment for $906.11, with interest from Jan. 1, 1916, to date of judgment. Defendant appealed.

[1-3] The record does not contain a motion for a new trial, and appellant urges as a matter of fundamental error that the petition is subject to a general demurrer. As we view the case, the only issue is whether the pleadings furnish a basis for the judgment. The theory of appellant is that, the contract sued on being one of guaranty, and there being no allegation of insolvency of the crate purchasers, nor that the claims against them had been reduced to judgment, such purchasers were necessary parties to this suit, under articles 1843, 6336, and 6337, Revised Statutes of 1911.

Appellant apparently relies upon the theory that under said statutes the only inquiry is whether the contract is one of guaranty, regardless of whether by the terms of the contract the guarantor bound himself to pay immediately upon default by the principal, or to pay, provided the debt could not be collected from the debtor on account of insolvency, or after the exercise of due diligence. It appears to us that our courts have established the rule that the statutory provisions with respect to parties, relied upon by appellant, do not apply when the suit is upon an absolute guaranty, and not a conditional one. Shropshire v. Smith, 37 S. W. 470; Slaughter v. Morton, 185 S. W. 905; El Paso Bank v. First State Bank, 202 S. W. 522.

The only inquiry to be made, therefore, in this case, is whether the pleadings, aided by every reasonable intendment which can be indulged in their favor, can be construed to present a suit upon an absolute guaranty. In Cyc. vol. 20, p. 1450, we find the following statement:

"While in some jurisdictions one who guarantees the payment of an obligation of another has been held entitled to the exercise by the creditor of due diligence in enforcing his claim against the principal debtor, such a guaranty is generally held to be an absolute undertaking imposing liability upon the guarantor immediately upon the default of the principal debtor, and regardless of whether any steps were taken to enforce the liability of the principal debtor, or whether notice of the default was given to the guarantor."

In support of this statement we find cited the Texas case of McCormick Harvesting Mach. Co. v. Millett, 29 S. W. 80. That case was one in which there was a specific agreement to pay obligations at a certain time. The same may be said with reference to the case of Shropshire v. Smith, supra. In other cases promises to pay, without fixing a certain time, have been held to constitute absolute guaranties. Tilt-Kenney Shoe Co. v. Hagerty, 43 Tex. Civ. App. 335, 114 S. W. 386; Tobin Canning Co. v. Fraser, 81 Tex. 407, 17 S. W. 25; Slaughter v. Morton, supra. See, also, Ruling Case Law, vol. 12, § 13, p. 1064; McCarroll v. Red Diamond Clothing Co., 105 Ark. 443, 151 S. W. 1012, 43 L. R. A. (N. S.) 475.

In such cases the natural inference is that the payment is agreed to be made at the time when the debt becomes due, and not that it is to be made upon condition that the debt cannot be collected from the principal by the exercise of due diligence. There has been much difference of opinion on the construction of guaranties, but we believe the cases by our courts support the theory that the

guaranty involved in this case is an absolute one. It was sued upon on that theory, as is plainly disclosed by the statement in the supplemental petition, wherein it was in effect described as an absolute guaranty. If the language should be deemed ambiguous, the evidence introduced must have made it clear that the intention was to make an absolute guaranty, for the court so found, and that finding is not challenged. We conclude that we would not be warranted in holding the pleadings insufficient to support the judgment.

Judgment affirmed.