## SWILLEY et al. v. CITY INV. CO. * (No. 8877.)

(Court of Civil Appeals of Texas, Galveston. Oct. 21, 1926. Rehearing Denied Nov. 10, 1926.)

Guaranty ☞16(4)—Guarantee of payment of all indebtedness of transfer company by members in consideration of forbearance of suit by creditor and extension of payment date held valid.

Where, on maturity of notes, in consideration of extension of payment date, defendants signed agreement guaranteeing payment of all indebtedness owed bank by transfer company, guarantors being members of company, guaranty *held* valid and binding, there being sufficient consideration, bank having forborne suit.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the City Investment Company against George C. Swilley and others. From a judgment for plaintiff, all defendants but two appeal. Affirmed.

R. H. Holland, Dunlay & Dunlay, and W. F. Tarver, all of Houston, for appellants.

Rodman S. Cosby, St. John Garwood, and Baker, Botts, Parker & Garwood, all of Houston, for appellee.

GRAVES, J. This appeal presents only one substantive question of law, arising out of these facts:

Kent H. Easter and the Easter Warehouse & Forwarding Company, a corporation of which appellants were directors, owed several due and past-due notes, the aggregate amount of which was then probably $16,000 or more, to the Second National Bank of Houston. The bank asked for payment, and refused to renew the indebtedness, unless Mr. Easter furnished it additional security in the form of a written guaranty of the amount signed by these individual directors of his company, which he did on October 16, 1923, in this instrument:

"The State of Texas, County of Harris.

"In consideration of $1 in cash, and other good and valuable considerations, we, the undersigned, do hereby bind ourselves, our heirs, and legal representatives, jointly and severally, to pay to the Second National Bank, of Houston, Tex., at its office in Houston, Harris county, Tex., any and all indebtedness which Kent H. Easter Warehouse & Forwarding Company now owe or may hereafter owe to said the Second National Bank in whatsoever form said indebtedness may arise or be expressed, whether by notes, discounts, overdrafts, interest, or in any other manner whatsoever.

"This guaranty is absolute and unconditional, remains in full force and effect until surrender by said bank, and notice of its acceptance, as well as demand, upon said Kent H. Easter Warehouse & Forwarding Company for payment at maturity of said indebtedness, or any part thereof, and of their default, is hereby waived. It is further agreed that said the Second National Bank shall be under no obligations to notify the undersigned of any advances made or credit extended to said Kent H. Easter Warehouse & Forwarding Company upon faith of this guaranty, and diligence in the collection of said debt as well as suit thereon, and in the collection of all securities given therefor and suits thereon, is hereby waived. It is further agreed that the acceptance of additional security, personal or otherwise, in whatsoever manner said security may be given, the exchange, substitution, or surrender at any time of existing security, either in whole or in part, or the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 19, 1927.

extension of the time of payment of any indebtedness of the said Kent H. Easter Warehouse & Forwarding Company or the extension of credit of the said Kent H. Easter Warehouse & Forwarding Company to an extent less than or greater than the liability hereby assumed, shall in no wise release, impair, or discharge this guaranty.

"Any transfer or assignment by said the Second National Bank of indebtedness of the said Kent H. Easter Warehouse & Forwarding Company to it shall have the effect to vest in the assignee or his assigns all of the rights of the bank created hereby.

"It is understood and agreed, however, that the undersigned shall not be required to pay hereunder more than the sum of $17,000 in the aggregate.

"Witness our hands at Houston, Tex., this 16th day of October, A. D. 1923.

"[Signed]                    Kent H. Easter.
                             "Geo. C. Swilley.
                             "J. L. Short.
                             "James A. Brown.
                             "Percy L. Smith.
                             "R. H. Holland."

Signed on back:

"Obligation of Kent H. Easter, Geo. C. Swilley, R. H. Holland, Percy L. Smith, J. W. Brown, J. L. Short."

There being no other consideration, the bank accepted the guaranty as a satisfactory one for a renewal, refrained from placing the matured obligations in the hands of its attorneys for collection, and, after merging them all into one note, renewed the indebtedness for further periods. A note thus representing the balance then due upon it, of date March 6, 1924, not having been paid at maturity, this suit upon it and the accompanying guaranty was filed by the appellee herein, which had become the owner of both contracts by assignment from the bank.

The bank in good faith relied wholly upon the guaranty in renewing the indebtedness, and, if it had not been so executed and delivered to it, would have filed suit thereon instead.

Judgment went against the makers of the note and the signers of the guaranty for the balance found to be due upon the indebtedness so renewed, and all the guarantors, except two, protest against it through the appeal now at bar.

Their sole contention here is that no sufficient consideration for their guaranty contract was shown, but that under the undisputed evidence it merely amounted to a simple guaranty on their part of a past-due indebtedness to the bank, with neither an attending threat, promise, or agreement to do, or not to do, anything on its part, nor a request for any action upon their own, and without any consequent change for the worse in the bank's position, citing in support, along with others, the case of Queal v. Peterson, 138 Iowa, 514, 116 N. W. 593, 19 L. R. A. (N. S.) 842, with footnotes.

We can neither sustain this position nor accept the Queal Case as authority for it. The facts there were essentially different from those we have stated as existing here, in at least two material particulars: (1) The plaintiffs did not forbear suit on the notes in reliance on the guaranty; and (2) there was no agreement for, nor fact of, extension of the indebtedness. The differentiation is evident from these declarations of the court, the underscoring being ours:

"* * * There is no evidence that defendant requested plaintiffs to forbear suit on the Nielson note, or that plaintiffs agreed to forbear such suit, *or that plaintiffs did forbear in reliance on defendant's guaranty.* * * *

"Had plaintiffs brought suit against Nielson immediately after the execution of defendant's obligation, Nielson could not have defended on *the ground that there was an agreement of extension;* therefore plaintiffs, having remained without interruption entitled to all the rights which they had against Nielson, suffered no detriment in consequence of the guaranty given by defendant, and, on the other hand, neither Nielson nor defendant received any benefit in consequence of defendant's promise. It is clear that under such circumstances defendant's promise to pay Nielson's debt was without consideration."

In this case, on the other hand, the bank, in reliance upon the guaranty of appellants, not only did forbear a suit upon the matured indebtedness, but also accepted a renewal note for it then executed, thereby conferring upon the obligors the benefit of an extension of time, and depriving itself of its right to proceed against them until the expiration of the renewal period.

It is true there seems here to have been no communication to these guarantors at the time that this action would be taken in dependence upon their guaranty, but in the circumstances that was not indispensable; the undisputed evidence being that it was in fact taken, and solely upon the faith of that instrument.

The granting of this extension by the bank, manifested by taking a renewal note in response to, and in sole reliance upon, the absolute promise of guaranty signed and delivered to it at the time by appellants, constitutes, we think, a sufficient consideration for their undertaking.' People's State Bank v. Fleming-Morton Co. et al. (Tex. Civ. App.) 160 S. W. 648; McDaniel v. Cage & Crow (Tex. Civ. App.) 201 S. W. 1078; Lemp v. Armengol, 86 Tex. 690, 26 S. W. 941; Johnson et al. v. Bailey et al., 79 Tex. 516, 15 S. W. 499; Hart v. Wynne (Tex. Civ. App.) 40 S. W. 848 (writ of error denied); Tilt-Kenney Shoe Co. v. Haggarty et al., 43 Tex. Civ. App. 335, 114 S. W. 386; Haupt et al. v. James Cravens, 56 Tex. Civ. App. 253, 120 S. W. 541 (writ of error denied); Hill Mercantile Co. et al. v. Rotan Grocery Co. (Tex. Civ. App.) 127 S. W. 1080; Marx et al. v. Luling

Co.-Op. Asso., 17 Tex. Civ. App. 408, 43 S. W. 596 (writ of error denied).

Moreover, by the express terms of their contract, appellants in this instance waived any further notice from the bank as to its acceptance of the obligation therein tendered.

The judgment will be affirmed.

Affirmed.