## McWHORTER v. FIRST STATE BANK OF WYLIE. (No. 10265.)

Court of Civil Appeals of Texas. Dallas. Oct. 20, 1928.

Rehearing Denied Dec. 15, 1928.

Crate Dalton, of Dallas, and G. R. Smith, of McKinney, for appellant.

John Doyle, of McKinney, and W. F. Duncan, of Wylie, for appellee.

LOONEY, J. F. A. McWhorter, a merchant at Wylie, Collin county, was indebted to First State Bank of Wylie, evidenced by two notes, one for $655, the other for $1,381.05, both ma-

turing in the fall of 1926. In June, 1926, McWhorter applied to the bank for an additional loan of $1,250; this was declined by the bank, but in this connection was informed that, if his father, A. H. McWhorter, appellant herein, would guarantee his indebtedness, the additional loan would be made. This resulted in the execution by appellant of the guaranty contract sued upon, which, in so far as is material to our inquiry, reads as follows: "For the sum of One Dollar and other valuable considerations, I, * * * guarantee the payment of and agree and promise to pay at Wylie, Texas, to the First State Bank in Wylie * * * at maturity, or any time thereafter, as demanded by it, all notes, discounts, over-drafts and any and all indebtedness, or obligations, whether joint or several, or both, primary or secondary, contract or tort, for which F. A. McWhorter is * * * now or hereafter may become liable or indebted to First State Bank, Wylie, Texas, * * * provided, however, that my liability hereunder shall not exceed the sum of $5,000.00. * * * I, * * * hereby waive notice of the acceptance of this guaranty and all other notices in connection therewith, or the indebtedness or obligation guaranteed hereby, etc. * * *. This guaranty is a continuing one and shall continue to apply without regard to the form or amount of the indebtedness or obligation hereby guaranteed, which the bank * * * may create, renew, extend or alter, in whole or in part, without notice to the undersigned, etc."

F. A. McWhorter presented this guaranty to the bank, together with a commercial statement by appellant, showing his net worth, and thereupon the bank made the additional loan of $1,250, evidenced by note, dated June 22, 1926, for the sum of $1,325, to mature December 1, 1926, with interest from maturity.

This suit was brought by the bank against F. A. and A. H. McWhorter (but was dismissed as to F. A. McWhorter because of his insolvency) to recover the amount of the indebtedness evidenced by the three notes executed by F. A. McWhorter, together with interest and attorney fees, and, contemporaneously with the filing of suit, the bank caused to be issued an original attachment which was levied upon certain lands belonging to appellant, situated in the counties of Dallas and Kaufman.

Appellant answered by general denial, and specially pleaded under oath that the contract of guaranty was wholly without consideration.

The trial of the case before the judge resulted in judgment in favor of the bank against appellant for debt and foreclosure of the attachment lien, from which this appeal is prosecuted.

The only question that merits consideration

**809**

arises from the contention of appellant that the contract of guaranty executed by him was without consideration.

At appellant's request the court filed findings and conclusions to this effect: That at the time appellant signed the guaranty he knew the bank had agreed to advance F. A. McWhorter an additional amount of money, if the guaranty was secured, but that, regardless of whether he knew this fact or not, having signed the guaranty contract, he is liable thereon, as no question of fraud, accident, or mistake was presented in the case.

The evidence justified this finding. On cross-examination, appellant admitted that his son told him of his indebtedness to the bank, and that he (appellant) necessarily supposed the guaranty was to help his son in his business at Wylie. The only help the guaranty could have afforded his son was to secure either forbearance on past indebtedness, or a future loan. The guaranty, by its own terms, comprehended either one or both of these contingencies; that is, forbearance on the past, as well as the creation of new indebtedness.

We therefore conclude from all the facts and circumstances, as did the trial court, that appellant knew that the purpose of the guaranty contract was to enable his son to secure further credit at the bank.

We also assent to the correctness of the trial court's legal conclusion to the effect that, whether appellant knew this fact or not, he is nevertheless liable as guarantor.

On the strength of the guaranty, appellant's son secured from the bank an additional loan of $1,250, which was a valuable consideration passing to the principal debtor, and was a distinct detriment to the bank. While a guaranty, like other contracts, must be supported by a legal consideration, yet this need not be a consideration from the guarantee to the guarantor, but may be a benefit to the principal debtor, or a detriment to the guarantee. 12 R. C. L. 1077, § 28; 28 C. J. 920, § 54.

The bank's agreement to make the principal debtor the additional loan of $1,250 on his father's guaranty was a sufficient consideration for appellant's promise to pay both the past and future indebtedness of his son to the bank. 12 R. C. L. 1076, § 28; Leftkovitz v. First National Bank of Gadsden, 152 Ala. 521, 44 So. 613, 616; Moore, etc., v. Walker & Williamson, 110 Va. 775, 67 S. E. 374, 375, 19 Ann. Cas. 314.

By the terms of the contract, appellant obligated himself to pay the indebtedness of his son to the bank, past and future, stipulating that, without notice to him, new indebtedness could be created and past indebtedness renewed, or extended from time to time. It was therefore not necessary, in order to fix his liability, that he should have known in

advance an additional loan was contemplated.

As the bank extended further credit in absolute reliance on the guaranty, consideration therefor was fully established. The contract expressly provides, among other things, for the creation of new debts without notice; hence, to hold that appellant can escape liability, for the reason he did not know at the time he signed the guaranty that further credit would be given to his son, would be to hold in effect that the guaranty is not only meaningless, but a mockery. We cannot accept that view. See case in point, Swilley v. City Investment Co. (Tex. Civ. App.) 288 S. W. 485, 486.

Failing to find reversible error, after a careful consideration of all assignments and propositions urged by appellant for reversal, we affirm the judgment of the court below.

Affirmed.