## Logan v. Amos' Executor et al.

(Decided June 15, 1937.)

(As Modified on Denial of Rehearing Dec. 17, 1937.)

MAX B. HARLIN for appellant.

MILLIKEN & MILLIKEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

On December 2, 1926, D. C. Amos gave the following instrument to the Oakland Bank in the form of a letter with his signature attested by two witnesses:

"Whereas, my son, David H. Amos is indebted to you, I agree in consideration of your taking no action to force collection of the matter, that if said indebtedness is not paid previous to my death that any portion of same remaining unpaid shall be paid out of my son's share of my estate which I have given him by my will.

"I would suggest that you permit him to renew his notes from time to time and any portion of any renewals will be taken care of in the manner set out above. His notes and interest amount to $7,723.29.

"If you will accept this proposition you may have no uneasiness about this debt being paid."

Amos died in 1934. It appears that his estate consisted of a 308-acre farm, with livestock and farming implements. By his will executed May 6, 1932, which was six years after the foregoing writing was delivered, he devised his estate, after the payment of his debts, to his widow for life. At her death the estate is divided equally among testator's seven children subject to advancements of $4,500 to David H. Amos, and to each of four others. He further provided that David be charged with $2,000 he owed a brother, the testator being his surety.

At the time of the death of D. C. Amos, the indebtedness of his son, David H. Amos, to the Oakland Bank, amounted to $5,543.87, with accrued interest. The notes were renewals of those owing at the time the above instrument was executed. The bank went into liquidation and the notes, together with the rights under the foregoing instrument, were sold and assigned to Rex A. Logan on April 16, 1934.

Mr. Logan filed this suit against David H. Amos and the executors and devisees of the estate of D. C. Amos, claiming that the writing of December 2, 1926, was delivered and accepted by the Oakland Bank as security for the indebtedness of D. H. Amos to it and that the father's will took effect only after the payment and satisfaction of this obligation. The plaintiff prayed that the debt be satisfied first out of the share of D. H. Amos in the estate, and if that was not sufficient, that the balance should be paid out of the remaining estate of decedent.

Upon demurrer to the petition and the exhibits, it was adjudged that the petition be dismissed as against the estate and devisees of D. C. Amos, except D. H. Amos, against whom judgment was rendered for the debt. It was further adjudged that under and by virtue of the provisions of the will David's share in the estate was subject to and liable for the debt sued on and that same was in lien to secure the payment of the judgment not only on that account, but by virtue of a lien asserted and lis pendens notice filed in the county court clerk's office. This lien, however, was made subject to a prior lien in favor of the brother to secure payment of the $2,000 note. Logan appeals from the judgment and argues that the instrument executed and delivered by D. C. Amos is an absolute guarantee of the debt and that he and his estate became bound for its

payment; also, that it created an express trust for the satisfaction of the debt which could not be revoked by the execution of a later will.

All guaranties or instruments partaking of the nature of a guaranty are to be construed and determined in the light of the declared or inferred purpose and intent of the parties as ascertained from the writings themselves. McGowan v. Wells' Trustee, 184 Ky. 722, 213 S. W. 573; Pittsburgh Plate Glass Company v. Cassidy, 194 Ky. 81, 238 S. W. 172. We do not read the instrument as an absolute guarantee to pay the obligation or to bind the father's estate to pay same unconditionally, or even conditioned upon the son's default. Galbraith v. Shores-Mueller Co., 178 Ky. 688, 199 S. W. 779.

The instrument was undoubtedly executed for the purpose of obtaining forbearance for the son in the payment of his debt to the bank. But it was given, apparently, to assure the bank that the son's natural expectancy in his father's estate would not be diverted or his devise would not be restricted so that it could not be made subject to the debt; or, at most, that such devise already made in the father's will would be charged with the payment of the obligation. The provisions of Amos' will in existence at the time, to which reference is made, are not disclosed. But inasmuch as the court has adjudged the entire interest of the son in his father's estate under the probated will to be in lien for the satisfaction of the debt, it seems to us that the undertaking of the father has been met.

The same must be said respecting the argument that the father created an express trust in his estate for the satisfaction of the obligation. At most, the writing merely charged the son's share in his estate with the payment. If that be deemed a trust, it was only to that extent. What that share was in the then existing will, as we have stated, is not disclosed in the record. In effect, the court has adjudged such a trust in the son's share under the subsequently executed will. If he had been devised nothing or his share had been so reduced below what he would have inherited in the absence of a will as to show a diversion or restriction of his estate as to evidence a fraud upon the obligee, we would have another case. It is true the father had advanced his son $4,500 and charged up same to him in addition to the satisfaction of his $2,000 note. However, in the absence

of proof when these advancements were made and the note thus secured, the court was not authorized to say they were subsequent to the execution of the guaranty to the bank on December 2, 1926. It seems to us the judgment has given to the appellant all he is entitled to under the terms of the instrument sued on.

Wherefore, the judgment is affirmed.

Whole court sitting.