**RAY et al. v. SPENCER.**

No. 6317.

Court of Civil Appeals of Texas. Texarkana.

Nov. 27, 1947.

Rehearing Denied Dec. 4, 1947.

Florence & Florence, of Gilmer, and D. S. Meredith, Jr., of Longview, for appellants.

Edwin M. Fulton, of Gilmer, and W. C. Hancock, of Pittsburg, for appellee.

WILLIAMS, Justice.

The sole issue involves the construction to be given the following instrument:

"Gilmer, Texas
"December 14, 1939

"Mr. L. S. Spencer
"Gilmer, Texas.
"Dear Sir:

"This is to advise that I unconditionally guarantee the payment on Georgian Oil Corporation Bonds numbers 71 and 72 in the principal sum of one thousand ($1,000.-00) dollars each bearing six (6) per cent interest from date until paid, and I will repurchase these bonds at any interest paying period for face value plus the accumulated interest upon presentation to me and the bonds transferred to me.

"Yours very truly,
"s/s J. P. Ray."

The two bonds so mentioned are dated April 15, 1939, were payable to bearer at Tyler, Texas, on April 15, 1944, with 6%

interest per annum from date the interest payable semi-annually on October 15 and April 15 of each year. They were part of an authorized $250,000 bond issue of the Georgian Oil Corporation.

Above oil company was adjudged a bankrupt December 17, 1941; and thereafter, the date not disclosed, L. S. Spencer was paid $234.76 out of the bankrupt estate as dividends on the two bonds. L. S. Spencer and J. P. Ray both died intestate in 1945. Appellee T. C. Spencer, an heir and the assignee of the other heirs of L. S. Spencer, filed this suit October 23, 1945, against W. Grayson Ray, and others, the children and widow of J. P. Ray, to establish by reason of above contract of guaranty a debt against the estate of J. P. Ray for the face amount of the bonds plus interest, less above credit. A trial to the court resulted in judgment for T. C. Spencer.

■ When effect is given to all the terms of this contract and when the rules of construction as discussed in 21 T. J. (Guaranty) Secs. 38 and 39, cited by appellants, are applied, the guarantor here has unconditionally guaranteed the payment of the two bonds at maturity, namely, April 15, 1944, and has further contracted to repurchase the bonds at the election of the obligee prior to April 15, 1944, at any interest period paying date. Logic and reason.lead to above conclusion.

Appellants assert that the court erred in rendering judgment for appellee for the reason that this contract in the form of a letter being addressed solely to L. S. Spencer by J. P. Ray, it becomes a personal contract, being neither negotiable nor inheritable.

■■ Other than the fact that the letter is addressed to an individual, there is no wording in the instrument to show that the parties intended that the guaranty should not be assignable. No expression in the instrument limits the guaranty to L. S. Spencer alone. He unconditionally guarantees the payment. He further states that "I will repurchase these bonds at any interest paying period." The repurchase promise is not limited to L. S. Spencer.

The language in the instrument is broad enough to include any holder of the bonds. The contract of guaranty relates to a negotiable interest; the bonds described being so classified. Article 5932, R. C. S. of Texas. "The court will not presume that the parties intended that the guaranty should not be assignable; the very nature of the instrument (bond) implies that it is likely to be at any time transferred, and if the note (bond) is negotiated the guaranty passes with it, even though it is in a sense a special guaranty." 38 C.J.S., Guaranty, § 42. Where no relation of personal trust or confidence is involved, as here, the rights created by the agreement are assignable and inheritable. Article 569, R.C.S. of Texas; 5 T.J., p. 9, Sec. 7; 21 T.J., p. 185, Sec. 50; Abraham Lincoln Life Ins. Co. v. Reynold Mfg. Co., 5 Cir., 30 F.2d 790; Page Trust Co. v. Wachovia Bank & Trust Co., 188 N.C. 766, 125 S.E. 536, 37 A.L.R. 1368. At the maturity of the bonds on April 15, 1944, Ray became ipso facto liable to Spencer to pay him the amount due on the bonds, and his demise after the death of Spencer, did not change or release this liability, once fixed. At the time of L. S. Spencer's death, at the time the brothers and sisters as heirs assigned their rights and interests under the contract of guaranty to T. C. Spencer, and at the time suit was filed, a right of action then, as well as before, existed. The Georgian Oil Company had theretofore made default and all dividends out of the bankrupt estate had been realized. 38 C. J.S., Guaranty, §§ 66, 85. The cause of action being founded on a contract and affecting property rights did not abate upon the death of L. S. Spencer. 24 Am.Jur., p. 249, Sec. 26; 1 Tex.Jur. (Abatement and Survival), Secs. 8, 13.

■ Under their third point appellants assert that the court erred in entering judgment for plaintiff because no demand was made under the instrument within a reasonable time. The contract here being an unconditional or absolute guarantee, no notice of the default was required to fasten liability on this guarantor. 24 Am.Jur. (Guaranty), Sec. 110; 38 C.J.S., Guaranty Sec. 62; Tilt-Kenney Shoe Co. v.

Haggarty, 43 Tex.Civ.App. 335, 114 S. W. 386; Commerce Securities Corp. v. Congleton, Tex.Civ.App., 8 S.W.2d 803. The bonds did not contain a clause accelerating the maturity thereof on default in the payment of interest. The bonds were due April 15, 1944, and until then the four years statute of limitation would not begin to run. 24 Am.Jur. p. 949. In the absence, as here, of any evidence in the record that this guarantor has sustained injury by reason of the delay complained of, the third point is overruled. 24 Am.Jur. p. 943, Sec. 107.

The fourth point has been duly considered and is respectfully overruled.

The judgment of the trial court is affirmed.