## J. R. Watkins Medical Company, Appellee, v. W. L. Bailey, Executor, Appellant.

1. APPEAL AND ERROR, § 1595*—*when error in pleading is cured by verdict.* Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict.

2. JUDGMENT, § 220*—*when presumption in favor of pleadings will be indulged in.* If a defendant does not question the sufficiency of the declaration by demurrer, but joins in raising an issue of fact and submitting such issue to the jury, and judgment is rendered against him, then the court will, on motion in arrest of judgment, indulge in intendments in favor of the sufficiency of the declaration, and will regard as sufficiently alleged any material fact which is fairly and reasonably inferable from the facts stated in the declaration, and if the material fact is fairly inferable from the facts stated and may fairly be presumed to have been proven, the judgment will not be arrested.

3. JUDGMENT, § 220*—*when defective pleading will sustain judgment.* The special declaration in an action on a contract accompanied by an affidavit of claim *held,* while clearly defective and subject to demurrer, sufficient whereon to base a judgment, defendant not having demurred but having filed pleas denying liability and an affidavit of defense, the case having gone to trial on the merits of the issue so made and having made a motion in arrest of judgment.

4. TRIAL, § 203*—*when directed verdict is erroneous.* In an action on a contract, it is error, after all the evidence has been introduced, to grant plaintiff's motion to withdraw all of the evidence, both plaintiff's and defendant's, and instruct the jury to return a verdict for plaintiff for a sum stated, especially where there is no contention that plaintiff was entitled to judgment on the pleadings.

5. PLEADING, § 232*—*when refusal to allow verification of plea is not error.* In an action on a contract, the disposition to be made of defendant's motion, made during the trial after a part of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence has been taken and again after it has all been taken, for leave to verify the plea of the general issue is within the sound discretion of the trial court, and such discretion is not abused where, to have allowed it would have put plaintiff to proof of the execution of the contract sued on, which would have been unnecessary under the pleadings as they stood when the trial was commenced.

6. GUARANTY, § 7*—*when guaranty is established*. Where a merchant, who had been dealing with plaintiff for some time and had become indebted to plaintiff, desired to continue to deal with him and plaintiff agreed, on condition that the merchant would execute the contract in suit and would secure someone to execute that part of such contract by which the payment of the merchant's existing debt to plaintiff and for goods thereafter to be furnished the merchant by plaintiff should be guaranteed, and the merchant secured the execution of such guaranty by defendant, the merchant, in securing defendant's execution thereof did not act as plaintiff's agent, but the consideration for the guaranty was the extension of time to the merchant and the furnishing of additional goods to him.

7. GUARANTY, § 12*—*what is extent of guarantor's liability*. Where a guaranty is that the original obligor will pay the existing debt and for the goods furnished under the contract of which the guaranty is a part, the guarantor is only liable either as to the debt or the goods on default of the principal obligor, and the burden of establishing such default as to one or both and the amount of such default is on the obligee in an action on the guaranty in which defendant pleads the general issue.

8. EVIDENCE, § 46*—*who has burden of proof*. It is for one who asserts the affirmative of an issue to prove it.

9. GUARANTY, § 17*—*when guarantor is not liable*. In an action on a guaranty that the original obligor will pay plaintiff an existing debt and for goods to be furnished him by plaintiff under the contract of which the guaranty is a part, evidence *held* not to establish any default on the part of the original obligor and to show that defendant's motion for a peremptory instruction to the jury to find in his favor should have been granted.

Appeal from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed April 27, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. L. McLAUGHLIN, C. R. PATTERSON and E. J. MIL-LER, for appellant.

JENNINGS & ELDER, for appellee; TAWNEY, SMITH & TAWNEY, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is a suit on a contract which appellee claims was executed and delivered by R. E. Bailey, now deceased, which by its terms guarantees the payment to appellee of an existing debt of $2,026.42 owing by one Leonard Estes, and the payment for "medicines, extracts and other articles" to be thereafter furnished to the said Estes, under a contract executed by himself and appellee, which is attached to and is by reference made part of the contract sued on.

The first count of the declaration avers the execution by R. E. Bailey, deceased, of the contract sued on and then sets it out *in hæc verba,* including the part executed by Estes and appellee, and concludes with the following paragraph:

"WHEREFORE, and by reason of the said agreement above set forth, the said defendants became liable to pay the said plaintiff the said sum of $2,026.42 on or before the first day of March, 1914, and being so liable, they, the said defendants, then and there and in and by the agreement aforesaid undertook and promised and agreed to pay the said sum of $2,026.42 on or before the said first day of March, 1914, at the time and place in accordance with the terms and conditions of the agreement hereinbefore set forth, yet the said defendant and the said Leonard Estes and each and all of them, although often requested and although the first day of March, A. D. 1914, has long since passed, have failed, neglected and refused to pay the said sum of $2,026.42 or any part thereof, according to the tenor and effect of the agreement aforesaid or otherwise; to the damage of the plaintiff of the sum

of Twenty-five hundred dollars, therefore it brings this suit, etc.''

That constitutes the entire special count. There was no other averment of any kind in it.

The consolidated common counts follow the special count. An affidavit of claim labeled an affidavit of *merits* is attached to this declaration in which it is stated that the cause of action is upon the contract set out in the declaration and for the amount expressed in the contract less $38.61, leaving a balance of $1,987.81, which sum it is therein stated neither the said Leonard Estes nor defendant had paid.

Appellant filed the general issue without verification and several special pleas, upon part of which issue was joined. With these pleas was filed an affidavit of meritorious defense, in which it was stated in substance that defendant had a good defense to the whole of plaintiff's demand; that the defense relied on was that there was no consideration for making the contract sued on; that defendant was induced to sign the same by false and fraudulent representations; that defendant did not owe the debt as charged, and some other matters not necessary to refer to in the disposition of this case. The case went to trial before a jury. To support the issues appellee offered in evidence the contract sued on and some proof of certain business deals between appellant and the said Leonard Estes in which certain items of both debit and credit were shown. At the end of all the evidence a motion was made by appellant to instruct the jury to find the issues for the defendant. This motion was heard and denied by the court. The record shows that thereupon the following occurred: "Now comes the plaintiff, at the close of the evidence offered on the part of the defendant, and moves the court to withdraw all the evidence offered on the part of the *defendant and plaintiff* from the jury, and to instruct the jury to return a verdict for the plaintiff.'' This

motion was allowed, and the jury were instructed accordingly and returned a verdict pursuant to such instruction in favor of appellee and against appellant for $1,987.43. It will be observed that this verdict is different in amount from the sum named as the existing debt in the contract sued on and is not the exact amount shown to be due by the affidavit of claim. A motion for a new trial and a motion in arrest of judgment were successively made and denied by the court and judgment was entered on the verdict.

The declaration was clearly defective, and if its sufficiency had been challenged by a demurrer the demurrer would undoubtedly have been sustained, but it was not so challenged and was accompanied by an affidavit of claim. Instead, pleas denying liability, with an affidavit of meritorious defense, were filed and the case went to trial on the merits of the issue so made without objection on the part of the appellant. In *Gerke v. Fancher*, 158 Ill. 375, the court quotes with approval from Chitty's Pl. 712, 713, the following: "Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." In *N. K. Fairbanks Co. v. Bahre*, 213 Ill. 636, on page 638, the Supreme Court says: "On demurrer the intendments are against the pleader, and mere inferences or implications from facts stated cannot be indulged in his favor. If, however, the defendant does not question the sufficiency of the declaration by demurrer, but joins in raising an issue of fact and in submitting such

issue to a jury for decision, and judgment is rendered against him, then the court will, on motion in arrest of judgment, indulge in intendments in favor of the sufficiency of the declaration, and will regard as sufficiently alleged any material fact which is fairly and reasonably inferable from facts stated in the declaration, and if the material fact is fairly inferable from the facts stated and may fairly be presumed to have been proven, the judgment will not be arrested." See also section 6 of chapter 7, Rev. St. (J. & A. ¶ 305), with the construction placed on it by the Supreme Court in *Hartrich v. Hawes*, 202 Ill. 334, and in *Mayer v. Brensinger*, 180 Ill. 110. In view of the authorities cited and of so much of the record as we are at liberty to consider on a motion in arrest of judgment, we hold that the special count in the declaration is sufficient after a verdict to base a judgment upon.

The allowance of plaintiff's motion to withdraw all the evidence offered, as well that offered by plaintiff as that offered by defendant, and then to instruct the jury to return a verdict for plaintiff for $1,987.43 was manifest error. The basis of the motion was that the evidence introduced by the plaintiff made a case entitling plaintiff beyond question, to a verdict, and that the evidence that had been introduced by the defendant did not tend to dispute or impeach that right. In other words, the basis of the motion was that all the evidence in the record being considered, there was left no room for any conclusion except that the plaintiff was entitled to a verdict. It was not contended in the circuit court and has not been contended here that plaintiff was entitled to a verdict or a judgment on the pleadings, or without some evidence. Yet for some unaccountable reason the motion of appellee was "to withdraw all the evidence on the part of *defendant and plaintiff*" and to instruct the jury to return a verdict for the plaintiff, and that motion was allowed, at least so the record shows.

When all the evidence was withdrawn there was nothing left in the record to base a judgment on. Appellee attempts to justify the motion in its argument by saying the motion "is in substance a demurrer to the evidence; that is, the motion admits the truthfulness of the evidence admitted and gives to it the strongest possible intendment but denies *that the evidence is sufficient* either to *sustain the case of the plaintiff* or the defense of the defendant." That being true, when the court took the view of appellant and by sustaining its demurrer to its own evidence found that it was not sufficient to sustain the plaintiff's case, there was, as before stated, nothing left on which to base a judgment for the plaintiff. If there was no evidence to sustain the plaintiff's case the least the court could properly have done was to refuse to give the peremptory instruction requested by it.

Appellant asked leave during the trial, after part of the evidence was taken and again after it had all been taken, for leave to verify the plea of the general issue. This motion was denied. If the motion had been allowed the plaintiff would have been put to proof of the execution of the contract sued on which, under the pleadings as they stood when the trial began, was not necessary. The disposition to be made of that motion was within the sound discretion of the trial court. It was, under the circumstances, no abuse of the discretion to deny the motion.

There was no error in the rulings of the court on the admission and exclusion of evidence on the question of whether Estes was the agent of appellee. There is nothing in any of it, either that admitted or that excluded, that to our minds tends to show that Estes was the agent of appellee in securing the signature of appellant to the contract sued on. As we understand the situation in this case, appellant had been doing business with appellee, and had become indebted to it in the sum of $2,026.42. He desired

to continue to do business with it. Appellee agreed that he should do so on condition that he, appellant, would execute the first part of the contract sued on and would secure someone to execute the last portion signed by appellant by which the payment by Estes of the existing debt and for goods thereafter to be furnished by appellee to him should be guaranteed. The actual consideration for the guaranty was the extension of the time to Estes for the payment of the existing debt due appellee and the furnishing to Estes by appellee of goods for a specified time thereafter.

The guaranty signed by appellant was that Estes should pay to appellee the existing debt and for the goods furnished under the contract. Appellant, the guarantor, is only liable on his contract of guaranty either as to the existing debt or for the goods to be furnished, when Estes, the original obligor, is in default. It was clearly necessary in this case for appellee to establish the fact that Estes was in default as to one or both of these items and to what amount before it was entitled to a judgment against appellant. The plea of the general issue puts appellee to its proof of those facts. It was in full possession of such facts and had the ability to prove what the truth was in that regard, while there is nothing to show that appellant had any knowledge or means of proving whether Estes was in default or not. It is for the one asserting the affirmative of the issue to prove it. The motion of appellant for a peremptory instruction to the jury to find the issue for him, the defendant, raised the question squarely whether there is any competent proof in the record from which the jury could, without doing violence in the eye of the law, find that Estes was in default and, if so, how much. We have read all of the evidence as abstracted and much of the bill of exceptions, and we can find no evidence even tending to prove that Estes was in default to any amount on the contract sued on. We

find that there is no evidence to support the judgment; that the court erred in allowing appellee's motion for a peremptory instruction, and in giving the peremptory instruction to find the issue in favor of appellee, and in refusing to instruct the jury to find the issues for appellant. The judgment is reversed and the cause is remanded.

*Judgment reversed and remanded.*