SECURITY NATIONAL BANK OF FARGO, a Corporation, Respondent, v. JOHN ANDREWS and P. L. Aarhus, Doing Business under the Firm Name and Style of "The Progressive," L. S. Platou, J. O. Lium, Alfred Munter, C. J. Olson, C. J. Hansen, R. A. Krinzer, Andrew Skarvold, C. J. Hagen and J. C. Leum, Defendants. J. O. LIUM, J. G. Hagen and Andrew Skarvold, Appellants.

(205 N. W. 732.)

**Guaranty — written guaranty held not effective until delivery.**

1. A written guaranty is not effective unless and until it is delivered.

**Guaranty — delivery of guaranty to obligee, who had no knowledge of conditional delivery to principal by guarantors, held to bind guarantors.**

2. Where guarantors who have signed a written guaranty deliver the writing to the principal conditionally and he, though the condition is not complied with, delivers the same to the obligee who has no knowledge or notice of the condition and who acts on the security of the guaranty, the guarantors are bound thereby notwithstanding the noncompliance with the condition.

**Banks and banking — applicant for loan, getting guarantors to sign guaranty satisfactory to bank, held not agent of bank.**

3. Where an applicant applies to a bank for a loan and the bank advises him that it will make the loan only upon his securing a guaranty of payment satisfactory to it, and the applicant thereafter induces guarantors to sign a guaranty satisfactory to the bank and on the security of which the loan is made, he is not the agent of the bank in the transaction.

Opinion filed November 2, 1925.

Banks and Banking, 7 C. J. § 130 p. 527 n. 61. Guaranty, 28 C. J. § 45 p. 915 n. 15, 18.

Appeal from the District Court of Cass County, *Englert*, J.

Action on a written guaranty.

From a judgment in favor of the plaintiff, defendants Lium, Skarvold and Hagen appeal.

Affirmed.

Note.—(1) Validity and construction of guaranty, see 12 R. C. L. 1072.

(2) Guaranty as binding though delivered in violation of condition, see 13 R. C. L. 1072; 2 R. C. L. Supp. 1542.

*Lemke & Weaver,* for appellants.

Quite a respectable showing of cases, both in number and weight, have adopted the unqualified rule that the performance of a condition attached to the execution of a bond, that others shall sign, is imperative and necessary to render it valid and binding. 45 L.R.A. 321.

A bond may be delivered to a co-obligor upon condition that it shall become the deed of the person signing only when another person signs it as cosurety, and it will not be operative as his deed until such condition is performed. Bibb v. Reid, 3 Ala. 88; Pawling v. United States, 4 Cranch, 219, 2 L. ed. 601; Smith v. Kirkland, 81 Ala. 345; Wright v. Lang, 66 Ala. 389; Duncan v. United States, 7 Pet. 435, 8 L. ed. 739.

A guaranty shall be deemed unconditional unless the contrary appears but as we have already shown the court that the word "deemed" means "presumed" and that this presumption is rebuttable and has been construed to be rebuttable and a disputable presumption in a decision of our own court. Klepps v. Odin Twp. McKenzie County, 169 N. W. 313.

*J. J. Mulready,* for respondent.

Where the guarantor places the instrument of guaranty in the hands of the principal, and the principal delivers it to the guarantee without notice to the latter of the condition, the guarantor will be bound. Galbraith v. Shores-Mueller Co. (Ky.) 199 S. W. 779; Seitz Brewing Co. v. Ayres, 60 N. J. Eq. 190, 46 Atl. 535; Page v. Krekey, 137 N. Y. 307, 21 L.R.A. 409, 33 Am. St. Rep. 731, 33 N. E. 311; J. R. Watkins Co. v. Keeney (— N. D. —) 37 A.L.R. 1389, 201 N. W. 833.

NUESSLE, J. This case is here on appeal from a judgment of the district court of Cass county entered in favor of the plaintiff. The action was brought on a promissory note and a written guaranty of payment of the same.

The plaintiff is a banking corporation engaged in business at Fargo, North Dakota. The defendants, Andrews and Aarhus, were engaged in the newspaper business. They wanted to buy a linotype and applied to the plaintiff bank for a loan of $1,500 wherewith to get it. The bank refused to lend them the money unless they procured a written

guaranty of payment of the loan satisfactory to it. They obtained from the bank the form of guaranty required and set forth to secure guarantors. The bank did not specify whom they should get nor how many guarantors. Andrews and Aarhus went to the various other defendants and told them that they wanted to buy a linotype; that they needed $1,500 for that purpose; that they could not borrow that amount unless they had satisfactory guarantors, and requested the defendants to sign the guaranty which they produced. This guaranty had been typewritten by them on plain paper following the form secured from the bank. The defendants signed the guaranty and delivered it to Andrews and Aarhus with the condition, however, that such guaranty should not be used until fourteen or fifteen other guarantors had likewise signed. Andrews and Aarhus procured but nine guarantors to sign, then they went to the plaintiff bank and presented the guaranty thus signed. The bank had no notice of any condition imposed by the signers as to the number of signatures to be obtained. The guaranty as presented was satisfactory, and on the strength of the guaranty it loaned Andrews and Aarhus $1,500. The indebtedness was not paid when due, thereupon this action was brought. The plaintiff in its complaint set out the making of the loan to Andrews and Aarhus; its reliance in doing so upon the guaranty of the other defendants; default in payment of the note evidencing the indebtedness; notice thereof to all of the defendants, and asked judgment for the amount of the note with interest. The defendants, Lium, Hagen, and Skarvold answered, the others defaulting. They admitted the making of the guaranty sued upon, but alleged that their signatures were procured by fraud, deceit, and misrepresentation on the part of the plaintiff, and that said guaranty was delivered conditionally to Andrews and Aarhus upon the understanding and agreement that they would procure at least fourteen or fifteen farmers as signers thereto and that the condition was not complied with. Upon the issues as thus made the cause was tried to a jury. The court in charging the jury charged that there were but two questions for their consideration. That is, whether the bank had notice of the conditional delivery of the guaranty, and whether the defendants, Andrews and Aarhus, were the agents of the bank in procuring the signatures to such guaranty. That if the bank had no notice, and Andrews and Aarhus were not its agents, they must find

for the plaintiffs. The jury returned a verdict for the plaintiff. Judgment was entered thereupon. From such judgment so entered the defendants, Lium, Hagen, and Skarvold, perfected the instant appeal.

The defendants rest this appeal upon two propositions. First, that the guaranty was delivered conditionally, the condition was never complied with and, therefore, the guarantors were, regardless of lack of notice to, or knowledge by the plaintiff, not bound thereby. Second, that the principals under the guaranty, Andrews and Aarhus, were the agents of the bank in securing the signatures thereto and, therefore, the bank was chargeable with notice of all the facts and circumstances in connection with the transaction and since the delivery of the guaranty was only conditional the guarantors could not be chargeable thereunder.

A written guaranty has no legal effect until it is delivered. In this respect it is like many other written instruments. See Comp. Laws 1913, § 5891; Foot, S. & Co. v. Skeffington, 52 N. D. 307, 202 N. W. 642, 105 Am. St. Rep. 512, note; 12 R. C. L. 1072. Assuming that there was a conditional delivery by the makers of the guaranty to the principals, Andrews and Aarhus, nevertheless, the jury, by their verdict found that the plaintiff bank had no knowledge or notice of the condition. There is no question but that plaintiff made the loan relying on the guaranty. Under such circumstances the makers, though the guaranty was conditionally delivered, are bound thereby notwithstanding the rule heretofore stated. This, under the equitable rule that where one of two innocent parties must suffer, he who by his act or negligence has made the loss possible must be the one to suffer. See Dr. Koch Medical Tea Co. v. Poitras, 36 N. D. 144, 161 N. W. 727; J. R. Watkins Co. v. Keeney, 52 N. D. 280, 37 A.L.R. 1389, 201 N. W. 833; Galbraith v. Shores-Mueller Co. 178 Ky. 688, 199 S. W. 779; Seitz Brewing Co. v. Ayres, 60 N. J. Eq. 190, 46 Atl. 535; Page v. Krekey, 137 N. Y. 307, 21 L.R.A. 409, 33 Am. St. Rep. 731, 33 N. E. 311; 28 C. J. 927; 12 R. C. L. 1072.

But the defendants contend that the statute, § 6661, Comp. Laws 1913 providing that "a guaranty is to be *deemed* unconditional, unless its terms import some condition precedent to the liability of the guarantor" here controls to the contrary, and that by virtue of this statute the conditional delivery may be shown. We are unable, however, to

agree with the defendants in this respect. We cannot see where this statute has any application under the facts in the instant case. The statute has reference to the terms of a guaranty and not to any condition that may be imposed as to delivery. In the instant case there is no question as to the terms of the guaranty. Also, as we have heretofore stated, it is immaterial here whether or not the delivery to the principals was conditional. Since the plaintiff had no knowledge or notice of such condition and made the loan upon the security of the guaranty, the guarantors having made the loss possible they, and not the plaintiff bank, must suffer on account of the breach of faith of the principals.

The defendants insist however that under the undisputed facts Andrews and Aarhus were the agents of the bank and therefore the bank was chargeable with such knowledge as their agents had regarding the transaction, and since the delivery to the agents was conditional and the condition was not complied with, the plaintiff, being charged with knowledge thereof and bound thereby, cannot recover. We think, however, that the contention of the defendants as to the agency of Andrews and Aarhus cannot be sustained. It is clear that the guaranty was not given to secure any past due obligation of the principals. Whatsoever was done, was done not for the benefit of the plaintiff, but for Andrews and Aarhus. They made no representations to the defendant guarantors that they were acting as agents for the plaintiff. In fact they were not. They were acting solely for themselves. They wanted to secure a loan. They applied to plaintiff. The plaintiff refused to make it unless they secured a guaranty which was satisfactory to the plaintiff. The plaintiff specified no particular guarantors; imposed no requirements as to the number of guarantors. It had no knowledge as to whom Andrews and Aarhus might approach and secure as guarantors. These things being so, we cannot see how it can be said that there is the slightest ground to urge that Andrews and Aarhus were the agents of the plaintiff in securing the guaranty. See J. R. Watkins Co. v. Keeney, 52 N. D. 280, 37 A.L.R. 1389, 201 N. W. 833; Dr. Koch Medical Tea Co. v. Poitras, supra; Galbraith v. Shores-Mueller Co. 178 Ky. 688, 199 S. W. 779.

The defendants complain on account of the charge of the court to the jury with respect to the matters of law hereinbefore considered.

Without specifically referring to the charge of the court as given it is sufficient to say that the instructions were at least favorable to the defendants and that in any event no error can be predicated thereon. This necessarily follows by reason of our holding on the questions of conditional delivery and agency. The judgment appealed from was right and must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.