[File No. 6040.]

FRED FISCHER, Appellant, v. ALEX D. LEBEDOFF, Peter Mueller, John Pfeil, Wm. Everding, Philip M. Himmerich and Jacob W. Schmidt, Respondents.

(244 N. W. 310.)

Opinion filed August 4, 1932. On rehearing September 30, 1932.

*Carr & Ril, gers* and *A. W. Aylmer,* for appellant.

*S. E. Ellsworth,* for respondents.

HUTCHINSON, Dist. J. Sometime before October, 1929, the plaintiff brought an action in the district court against these defendants and the Streeter Milling Company, a corporation, which action was tried and judgment entered on October 26th, 1929. The judgment entered provided that the plaintiff have and recover against the Streeter Milling Company, a corporation, the sum of $3,803.11. The Court further decreed that a certain fund in the sum of $2,000 on deposit in the Citizens National Bank of Streeter, this fund representing the proceeds of a settlement with an insurance company upon a policy covering personal property belonging to the Streeter Milling Company and which had been mortgaged to the plaintiff, be delivered to the plaintiff in part payment of plaintiff's judgment. The judgment and decree further provided that the individual defendants had no lien upon said $2,000 fund. The Streeter Milling Company and these defendants perfected an appeal from the judgment. See Fischer v. Streeter Mill. Co. 60 N. D. 362, 234 N. W. 392.

The Supreme Court affirmed plaintiff's judgment against the Streeter Milling Company, and further found that the plaintiff and the individual defendants were each entitled to a further judgment against the Streeter Milling Company in the sum of $261.75. The court also found that the $2,000 fund paid by the Insurance Company for the loss upon the personal property was an asset of the Streeter Milling Company, and that neither the plaintiff nor the defendants had a lien upon said asset or any special preference to that fund.

At the time the appeal was perfected and on November 1st, 1929, these defendants and each of them, executed and acknowledged an undertaking on appeal, which undertaking contained the following conditions:

"And the above named appellants feeling aggrieved hereby intend

to appeal therefrom to the Supreme Court of the State of North Dakota, and to appeal from that portion of the judgment directing the payment of said sum of $2,000 over unto said plaintiff or his attorneys and from the whole hereof; and the court having fixed a supersedeas bond in the sum of $2,500 exceeding Two Hundred and Fifty Dollars; and also undertake in the sum of Twenty Five Hundred ($2500) Dollars which sum is fixed by Order of said Court, said judgment so appealed from, or any part thereof, is affirmed or said appeal is dismissed the said appellants will pay the amount directed as the costs of this appeal, to be paid by the said judgment, and that said defendant and said Bank will make a complete compliance with the terms of said judgment requiring said Bank to turn over the $2,000 or the turning over of such part of such amount as to which the said judgment shall be affirmed, if it is affirmed only in part, and all costs which shall be awarded against the said appellants on said appeal, not exceeding the aggregate of the $250 costs above mentioned and the sum of $2,500 to secure the orders and judgment of the Court to turn over said $2,000 insurance money, with interest, deposited in said Bank."

This undertaking was on the 7th day of December, 1929, filed with the clerk of the district court and on that day was served together with notice of appeal upon the attorneys for plaintiff Fischer. At the time of the service of the undertaking the attorneys for the plaintiff, Fischer, expressed some dissatisfaction with the form and substance of the undertaking. Thereafter and on January 25th, 1930, one of the then attorneys for the appellants in that action, and one of the then attorneys for the respondent in that action, met in the office of the then attorney for the appellant in said action, and having removed the undertaking on appeal from the office of the clerk of the district court proceeded, by agreement, to make changes therein by striking out the conditions heretofore quoted, and inserting the following conditions:

"And the above named appellants feeling aggrieved thereby, intend to appeal therefrom to the Supreme Court of the State of North Dakota, from that portion of the judgment directing the payment of said sum of Two Thousand ($2,000) Dollars, over to said plaintiff or his attorneys. Said appellants and said sureties do hereby undertake in the sum of Twenty Five Hundred ($2500) Dollars in accordance with

the order of the court that if said judgment so appealed from, or any part thereof, is affirmed, or if said appeal is dismissed, the said appellants will pay the amount of said judgment not to exceed the sum of Twenty Five Hundred ($2500) Dollars, and do further undertake with said plaintiff in the further sum of Two Hundred Fifty ($250) Dollars to pay all costs which shall be awarded against appellant on said appeal, not exceeding the sum of Two Hundred Fifty ($250) Dollars."

After making such changes the undertaking was returned to the file in the office of the clerk of the district court. The action of the attorneys in making the changes was unknown to the defendants in this action, and was made without their knowledge or consent. The undertaking was thereafter transmitted to the Supreme Court with the record upon the appeal. After the Supreme Court had reversed the judgment in part and affirmed the judgment in part, a judgment was entered upon the remittitur. The plaintiff thereafter brought this action to recover from these defendants by reason of the undertaking on appeal as changed by the attorneys after the execution and filing thereof.

The trial court found the facts to be as stated and further found that this action is one brought upon "the terms and conditions of the undertaking on appeal" after the same had been changed as above set forth; and that none of the defendants had any knowledge of the changes in the undertaking until the complaint in this action was served upon them. The court concluded from the facts as found that the changes in the instrument were material in character, "that in this action against said defendants, brought solely upon said undertaking on appeal, changed and altered in particulars as hereinbefore found, defendants are under no liability whatever to plaintiff; and are entitled to a judgment of this court dismissing said action as to each and all of them."

It appears from the foregoing facts that the undertaking upon which plaintiff's cause of action is predicated in its original form was executed, acknowledged, and thereafter, together with the notice of appeal, served upon the adverse party and duly filed with the clerk of the district court on December 7, 1929; and that the undertaking was

thereafter, on January 25, 1930, taken from the files of the clerk of the district court by the attorneys for the respective parties and the changes mentioned above made therein.

These changes were made after the undertaking had been served and filed and had become a court record. Clearly the attorneys for the parties were without authority to change the stipulations of the undertaking in the manner they did. The fact that they acted in good faith in making the changes does not render their acts valid and binding upon the makers of the bond. The obligations of the parties could not be changed without their assent. They were bound only as they had agreed to be bound. The attorneys for the parties were without authority to change and increase the obligations or liabilities as evidenced by the undertaking, unless the parties thereto in some manner authorized or agreed to the change. It is undisputed that the attorneys had no authority from the parties to change the undertaking. In fact it is undisputed that such persons had no knowledge that the changes were made until this action was brought against them. We are not concerned here with the liability assumed by the defendants under the undertaking which they executed and acknowledged. The suit here is not brought upon the original undertaking. In this action it is sought to hold the parties upon the conditions and stipulations which were inserted without their authorization or consent. In short, it is sought to hold them upon a contract which they did not make. This cannot be done. The obligations of the parties under the original undertaking were not affected by the changes made therein. 1 R. C. L. 983; 51 A.L.R. 1229. The trial court was in error in concluding that the alterations operated to nullify the original undertaking. This action having been brought by the plaintiff upon the undertaking as changed and altered and the plaintiff having no cause of action upon such changed and altered undertaking and it appearing that the plaintiff may have a cause of action upon the original undertaking as executed and filed, it is therefore ordered that this cause be remanded with permission to the plaintiff to file an amended complaint based upon the original undertaking and with further permission, if the plaintiff so desires, to make the sureties upon said bond parties defendant.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and NUESSLE, JJ., concur.

BURKE, J., did not participate; Hon. WM. H. HUTCHINSON, Judge of the Third Judicial District, sitting in his stead.

## (On Rehearing.)

HUTCHINSON, Dist. J. Upon rehearing the respondents contend that the following statute is controlling (Comp. Laws 1913, § 5940):

"The intentional destruction, cancellation or material alteration of a written contract by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act."

The respondents overlook the fact that the alterations made in the supersedeas bond were not made by the appellant nor with his knowledge or consent. These alterations were made by the attorneys for both parties after the execution of the bond and after the bond had been served, filed, and become a court record. In these circumstances the attorneys were without authority to make the changes in the bond. 1 R. C. L. 983; 51 A.L.R. 1229. The respondents also cite the following authorities: First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Porter v. Hardy, 10 N. D. 551, 88 N. W. 458; J. R. Watkins Medical Co. v. Payne, 47 N. D. 100, 180 N. W. 968; J. R. Watkins Co. v. Keeney, 52 N. D. 280, 201 N. W. 833, 37 A.L.R. 1389. These cases deal with material alterations in a written contract made by a party entitled to some benefit thereunder. In the case at bar the court found that the alterations were not made by the appellant.

The respondents also object to that part of the decision permitting the appellant to file an amended complaint based upon the original undertaking, contending that amendment can only be allowed upon application by the party to the district court. They cite the case of Fuller v. Fried, 57 N. D. 824, 224 N. W. 668. The case is authority for the proposition that this court to promote the ends of justice may either order or direct the filing of an amended complaint. Fuller v. Fried, supra. In this case justice will be done by permitting an amendment rather than requiring the appellant to bring another ac-

tion should he desire to determine his rights under the original undertaking. We therefore adhere to the decision rendered.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and BIRDZELL, JJ., concur.