Lawrence J. THIEMAN, Appellant,

v.

Donald JOHNSON, Appellee.

No. 15951.

United States Court of Appeals
Eighth Circuit.

July 16, 1958.

David W. Nord, Minneapolis, Minn. (Allen McCarthy, Minneapolis, Minn., was with him on the brief), for appellant.

G. P. Mahoney, Minneapolis, Minn. (Mahoney & Mahoney, Minneapolis, Minn., were on the brief with him), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought to recover damages for personal injuries allegedly caused by the gross negligence, willful misconduct and intoxication of the appellee in the handling of his automobile. The accident happened in North Dakota and appellant at the time of receiving his injuries was the guest of appellee. The parties will be referred to as they appeared in the trial court.

Defendant answered admitting the accident, but generally denied the allegations of negligence, proximate cause and damages, and pleaded the North Dakota guest statute verbatim and asserted as affirmative defenses contributory negligence and assumption of risk. Jurisdiction is based upon diversity of citizenship and the requisite amount involved. The action was brought and tried in Minnesota. At the close of all the evidence defendant moved for a directed verdict, which motion was denied, and the court, by its instructions, in effect submitted three issues for the determination of the jury as follows: (1) whether defendant had been guilty of either gross negligence or willful misconduct, (2) whether such conduct was the proximate cause of plaintiff's injuries, and (3) the amount of damages. The jury returned a general verdict in favor of the plaintiff and against the defendant for $11,329.60. On the verdict so returned the court entered judgment, whereupon defendant moved for judgment notwithstanding the verdict or for a new trial. The court granted this motion, set aside the judgment, and entered judgment for the defendant. In seeking reversal plaintiff contends (1) that the jury properly found gross negligence or willful misconduct in this case, and (2) that the trial court erred in passing upon the credibility of the witnesses.

■ As the jury found the issues in favor of the plaintiff we must view the evidence in a light most favorable to the prevailing party. We must assume as proved all facts which plaintiff's evidence tended to prove and plaintiff is entitled to the benefit of all such favorable inferences as may reasonably be drawn from the facts proven. We must assume too that all conflicts in the evidence were resolved by the jury in favor of the plaintiff. Sherman Inv. Co. v. United States, 8 Cir., 199 F.2d 504; Linscomb v. Goodyear Tire & Rubber Co., 8 Cir., 199 F.2d 431; Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 122 A.L.R. 987. As so viewed the jury might have believed from the evidence that plaintiff and defendant both worked for Central States Construction Co. and that on the day of the accident the company gave a picnic to celebrate the winding-up of the job in hand. It began about 3:30 p. m. and beer, pop and food were served. Defendant said he had some food and three to five paper cups of beer but said he "felt the effects of the beer" but that the amount he took "would not" make him intoxicated.

Plaintiff and defendant left the picnic about 5:30 p. m. in defendant's automobile, intending to go to defendant's home to work on his model A Ford. Defendant started out across the parking lot "real fast". He turned onto the road with such speed that the car spun completely around and headed in the opposite direction from that in which he intended to go. After he got the car turned around he headed north on country gravel roads at speeds of seventy-five to eighty miles an hour. Plaintiff became frightened at the speed and asked defendant to please take it a little slower but defendant just laughed and kept up his speed. Several times plaintiff asked him to slow down but he continued to drive at seventy-five to eighty miles an hour.

At the corner where the accident happened County Road No. 3 runs north and south. A town road meets it from

the west at right angles and there ends. This latter road is about eighteen feet wide. Plaintiff and defendant were going north on County Road No. 3, intending to turn left or west onto the town road. As the car approached the corner its speed was sixty to seventy miles an hour. Nearing the corner it slowed to about fifty miles an hour. As it came to the corner defendant put on the brakes but this slowed the car only to forty miles per hour. Defendant tried to make the corner at that speed. The car went into a skid as it rounded the corner and continued to skid until it rolled over into the ditch at a point about thirty feet west of the corner. Defendant was entirely familiar with the route he had to take, having driven it many times that summer. The roads at and near the place of the accident are level and there are no obstructions to the view. There was no other traffic at the time of the accident. The roads were surfaced with loose gravel and there was a small windrow of gravel a short distance from the edge of the town road. The car was definitely headed for the ditch before reaching this windrow. Defendant testified that he did not know whether this windrow had any effect on his losing control of the car.

 As the accident here involved occurred in the State of North Dakota the law of that state must be applied in determining the issues. The so-called guest statute of North Dakota provides as follows:

"(b) [Sec.] 39–1502. Liability for Injury to or Death of Guests. Any person who as a guest accepts a ride in any vehicle moving upon any of the public highways of this state, and who while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. * * *

"(c) [Sec.] 39–1503. Driver of Motor Vehicle Liable for Injury or Death When. The provisions of this chapter shall not be construed as relieving the owner, driver, or person responsible for the operation of a vehicle from liability for injury to * * * a guest proximately resulting from the intoxication, willful misconduct, or gross negligence of such owner, driver, or person responsible for the operation of such vehicle. * * *" (N.D.Rev. Code 1943, Secs. 39–1502 and 39–1503.)

The statute has been the subject of consideration by the Supreme Court of North Dakota in a number of cases. Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Rettler v. Ebreck, N.D., 71 N.W.2d 759; Norgart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Bentley v. Oldetyme Distillers, 62 N.D. 587, 289 N.W. 92. In Rokusek v. Bertsch, supra [78 N.W.2d 759, 50 N.W.2d 659], which was a guest statute case in which a judgment for plaintiff was sustained, the court defines the terms "gross negligence" and "willful misconduct" as follows:

"'"Gross negligence" is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically willful in its nature.' Rubbelke v. Jacobsen, 66 N.D. 720, 722, 268 N.W. 675, 676; Erickson v. Foley, 65 N.D. 737, 262 N.W. 177. Willful misconduct denotes intentionally doing that which should not be done or failing to do that which should be done, with knowledge, express or implied, that injury to a guest will probably result or with wanton and reckless disregard of the possibility that injury to a guest may result."

Rettler v. Ebreck, supra [71 N.W.2d 762], is, so far as we have been able to find, the last decision of the Supreme Court of North Dakota considering the guest statute of that state. In that case the defendant, peeved at a girl passenger, drove at a speed exceeding forty or fifty miles an hour on a gravel road. His

guests asked him to take it easy but he paid no attention. While so proceeding he saw a single white light about a quarter of a mile ahead of him and on his own side of the road. He took it for a "one-eyed" car. Actually it was a road grader proceeding slowly in the same direction as he was. He applied his brakes when fifty feet from it but collided with its rear end. In holding that this testimony warranted the jury in finding the defendant guilty of gross negligence or willful misconduct the court said:

> "This testimony if believed, and its credibility was for the jury, would permit an inference that the acts of the defendant were willful in character.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> " &ast; &ast; &ast; When the defendant first concluded that a car with a single headlight was approaching, he should have realized that a hazard lay ahead of him and we are satisfied that reasonable men could have drawn the inference from all the evidence that defendant by the exercise of slight care, after he first saw the light on the tractor, could have avoided the accident, either by stopping or by passing, or in other words that the collision and resulting damage were proximately caused by the failure to use slight care or by gross negligence."

The facts in the instant case are strikingly similar to those in Rettler v. Ebreck, supra. Here the defendant, with apparent abandon, at the very start of his ill-fated trip drove his car at such a rate of speed that it completely turned around in the loose gravel. He then proceeded to drive in the gravel, over repeated protests of plaintiff, without any apparent occasion for excessive speed, at speeds of seventy-five to eighty miles an hour, well knowing that he was to make a ninety degree left-hand turn and well knowing the condition of the road. Approaching the corner he slowed to about sixty miles an hour, then fifty miles an hour, but did not put on his brakes until practically at the corner, which slowed his speed to forty miles an hour, at which speed he attempted to make the left-hand turn in the gravel resulting in the accident.

■ Defendant cites our decision in Russell v. Turner, 8 Cir., 148 F.2d 562. In that case the law of Iowa, as construed by the Supreme Court of that state, was the governing law, and not the law of North Dakota. Manifestly, the exercise of slight care on the part of the defendant would have avoided this accident, and his conduct, within the teaching of Rettler v. Ebreck, supra, may be described as willful misconduct. At least the jury was warranted in so finding. Negligence is generally a question of fact to be determined by the jury. Counsel for the respective parties have cited decisions from state courts other than North Dakota in support of their contentions. However, as the law of North Dakota is the applicable law here and its construction by the Supreme Court of that state is binding upon us, we pretermit discussion of cases from other jurisdictions.

■ No exceptions were taken to the instructions as given and we assume they correctly stated the law applicable to the facts. The instructions specifically advised the jury that they were the "sole and exclusive judges of the credibility of the witnesses" and of the weight to be given their testimony. In its memorandum holding that defendant was entitled to judgment notwithstanding the verdict of the jury the court indicated that the testimony of plaintiff and defendant was "so unworthy of credit that it should not be accepted as the basis for a verdict". This, we think, was not a proper ground for granting judgment notwithstanding the verdict. The credibility of the witnesses was within the sole province of the jury.

The judgment appealed from is therefore reversed with directions to reinstate the verdict and enter judgment thereon.